IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JACOB WHITE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 09-1407-EFM-DWB |
| ) | |
| UNION PACIFIC RAILROAD ) | |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S MEMORANDUM IN OPPOSITION TO
PLAINTIFF'S MOTION TO COMPEL DISCOVERY**

Defendant Union Pacific Railroad Company ("UP") submits the following Memorandum in Opposition to plaintiff's Motion to Compel Discovery.

**STATEMENT OF THE NATURE OF MATTER BEFORE THE COURT**

Plaintiff brought this action under the Federal Employers Liability Act, 45 U.S.C. section 51 *et seq.* ("FELA"), to recover for injuries he claims to have sustained while working for UP. Plaintiff's Motion challenges the sufficiency of UP's responses to plaintiffs' written discovery.

**STATEMENTS OF FACT**

1.  Plaintiff Jacob White brings this action under the FELA to recover for an alleged hip injury that he claims he suffered while working for UP.[1]

2.  Mr. White's Complaint does not allege facts indicating how the injury occurred, what conditions caused it, or how UP may be held liable under the FELA. Nor does Plaintiff allege that UP violated any laws or regulations in connection with his alleged injury.[2]

---

[1] *See generally* Doc. # 1.

[2] *Id.*

3.     When UP asked White to describe the factual basis for his claims of negligence, White refused, arguing that such information was "work product" and that it was premature to ask him to identify the facts that prompted his lawsuit against UP.

4.     UP has filed a Motion to Compel addressing plaintiff's responses, which Motion is now fully briefed.

## ARGUMENT AND AUTHORITIES

**I.    Interrogatory No. 2 and Request No. 8:**

UP has lodged an appropriate objection to plaintiff's interrogatory and document requests seeking information and documents consisting of surveillance taken of the plaintiff. As a preliminary matter, UP has made clear that it has not conducted surveillance of plaintiff and therefore has no information or documents responsive to the requests. UP has also made clear, however, that because Rule 26(e) obligates UP to seasonably supplement its responses, UP has raised its work product objections in the event future surveillance is conducted, and in order to preclude any argument that UP has waived its objections by not timely asserting[3] them. Because the federal rules to not address how this waiver rule applies to documents that are responsive to a document request, but which were created after a party's initial responses to a request for production has been made, UP made its work product objections provisionally and anticipatorily.

Assuming that UP had the duty to raise privilege objections for documents not yet created, UP's assertion of the work product privilege is consistent with the law. If surveillance is conducted on Mr. White, it will be at the direction of UP's counsel and for the express purpose of defending the lawsuit brought by White. Under Rule 26(b)(3)(A), documents prepared by a party or its representative or agent in anticipation of litigation or trial are subject to work product protection. Federal courts have not hesitated to find that surveillance conducted by a defendant

---

[3]     Federal Rule of Civil Procedure 34 provides that an objection not timely raised is waived.

of a plaintiff constitutes protected work product. *Fisher v. Nat'l R.R. Passenger Corp.*, 152 F.R.D. 145, 153 (S.D. Ind. 1993)(finding surveillance was protected work product); *Geraty v. Northeast Illinois Reg'l Commuter R.R. Corp.*, 2008 WL 2130422, *2 (N.D. Ill. 2008)(same); *Bradley v. Wal-Mart Stores, Inc.*, 196 F.R.D. 557, 558 (E.D. Mo. 2000)(same); *Gibson by Gibson v. Nat'l R.R. Passenger Corp.*, 170 F.R.D. 408, 409-10 (E.D. Pa. 1997)(same).

Federal courts have also sustained objections to interrogatories seeking information about the substance of surveillance conducted on the plaintiff that the defendant did not intend to offer at trial. In *Fisher*, the Court denied a motion to compel a response to an interrogatory seeking information about surveillance the defendant had conducted on the plaintiff. The Court held that the interrogatory was not reasonably calculated to lead to the discovery of admissible evidence because the testimony sought the substance of documents that were themselves protected work product. *Fisher*, 152 F.R.D. at 156-57. Similarly, in *Geraty*, the Court held that a Rule 30(b)(6) deposition notice which asked the defendant to describe the surveillance activities it had undertaken was impermissible, reasoning that because the discovery sought the substance of communications protected by the work product privilege, the deposition should not be allowed. *Geraty*, 2008 WL 2130422 at *2; *See also Marchello v. Chase Manhattan Auto Fin. Corp.*, 219 F.R.D. 217, 220 (D.Conn. 2004) (denying motion to compel answer to interrogatory asking about details of surveillance).

Asking a defendant to describe the surveillance efforts undertaken by investigators hired by defense counsel is no different than an interrogatory asking a plaintiff to catalog the steps that his attorneys have undertaken to investigate his claims against the railroad, including the identities of persons with whom the attorney spoke and whether he took statements from these individuals. Courts have recognized that although Rule 26(b)(3) addresses only tangible items,

3

the work product doctrine itself has both tangible and intangible elements. *See In re Cendant Corp. Securities Litigation*, 343 F.3d 658, 662 (3rd Cir. 2003)(finding that work product protection extends to both tangible and intangible work product)(citing *Hickman v. Taylor,* 329 U.S. 495, 510-11 (1947)).

Unless and until UP decides that it will use any surveillance evidence at trial, plaintiff cannot make the sufficient showing of substantial need that is necessary to overcome the work product protection. Plaintiff has unfettered access to information about his own medical condition and physical capabilities and can, if he so desires, create his own videos showing his physical abilities and limitations. As one Court held, "[p]laintiff is in the best position to know of his activities, and his desire to discover the surveillance tapes does not constitute substantial need." *Marchello*, 219 F.R.D. 219-20; *See also Gibson,* 170 F.R.D. at 410 (finding no showing of substantial need for surveillance video that defendant did not intend to use at trial. As the *Fisher* Court explained, "the information contained in the videotapes-facts about the extent and nature of Plaintiff's injuries-is readily attainable from the Plaintiff's own testimony.... [B]ecause Plaintiff has offered nothing to demonstrate that the evidence contained in the surveillance tapes is unique or of a higher quality than that which is available to him, intrusion into work product is not justified." *Fisher,* 152 F.R.D. at 153. For the same reasons, plaintiff cannot make a showing of substantial need for any surveillance that UP does not intend to use at trial.

Surveillance taken of the plaintiff becomes subject to discovery only after UP decides it will use the surveillance at trial. Courts addressing this issue have held that where a party intends to use surveillance, it waives the work product privilege because of a plaintiff's (1) substantial need for evidence that may prove critical at trial, and (2) inability to obtain the substantial equivalent of this record of plaintiff's condition at a particular time and place. *See*

4

*Gibson*, 170 F.R.D. at 410.  If and when UP decides to use any surveillance of plaintiff as substantive evidence at trial, UP will identify the documents and provide the information that plaintiff has requested regarding the surveillance and who conducted it.

## II. Interrogatory No. 11 and Request No. 24.

### A. Plaintiff's Relevance Argument Cannot Be Evaluated Until He Tells UP and the Court How His Injury Occurred and the Basic Facts Underlying His Negligence Case Against the Railroad.

Plaintiff has asked to receive information about other persons who claim to have suffered injuries without first identifying how his injury occurred or what negligent act or omission of the railroad allegedly caused it.  It is significant that plaintiff's Motion to Compel contains more details about his supposed injury than he provided either in his Complaint, or in response to the specific interrogatories that UP served asking him to specify what negligent act or omission of the railroad caused his injuries.  In fact, in response to Interrogatory No. 21, which asked plaintiff, "Please describe each and every working condition that you allege has caused or contributed to your injuries," plaintiff objected on grounds that it called for a "narrative," said he would answer the question during his deposition, and directed UP to his Complaint - which provided no indication of how his injury occurred or what caused it.  In response to other interrogatories seeking the principle facts about his negligence allegations, plaintiff refused to answer on grounds of "work product."

Plaintiff's refusal to provide even the most elemental facts supporting his negligence claims while insisting that the railroad provide information about other persons injured on the job is nothing short of a tactical cat-and-mouse game.  UP suspects that plaintiff has no viable theory of negligence against the railroad and does not want to commit himself to any version of events without first learning whether other persons have been injured on the job, and if so, in what

5

manner and from what causes. Thus, UP requests that until plaintiff provides UP with verified interrogatory answers describing the working conditions that caused his injuries and answers basic questions about the facts underlying his allegations of negligence, UP not be required to provide plaintiff with evidence about other injuries. Likewise, because the relevance of interrogatories or requests for production cannot be determined without consideration of the allegations contained in plaintiff's Complaint, neither UP nor the Court can assess the relevance of the subject discovery unless and until plaintiff reveals the basis of his lawsuit.

### B. Request No. 24 is Facially Overbroad

Request No. 24 possesses attributes that render it facially overbroad. This Court has held on numerous occasions that a request or interrogatory is unduly burdensome on its face if it used the omnibus term "relating to" or "regarding" with respect to a general category or group of documents.'" *Moss v. Blue Cross & Blue Shield of Kansas, Inc.*, 241 F.R.D. 683, 689-90 (D.Kan. 2007). The request need not use the terms "relating to" or "regarding" because the request's "overall wording" can make the request facially unduly burdensome and overly broad. *Id.* The question the Court asks is whether the request's wording 'requires the answering party to 'engage in mental gymnastics to determine what information may or may not be remotely responsive.'" *Id.* Similarly, in *Audiotext Communications v. U.S. Telecom, Inc.*, 1995 WL 18759 (D.Kan. 1995) the Court stated:

> [r]equests which are worded too broadly or are too all inclusive of a general topic function like a giant broom, sweeping everything in their path, useful or not. They require the respondent either to guess or move through mental gymnastics which are unreasonably time-consuming and burdensome to determine which of many pieces of paper may conceivably contain some detail, either obvious or hidden, within the scope of the request. The court does not find that reasonable discovery contemplates that kind of wasteful effort.

*Id.* at *1.

6

The principle problem with Request No. 24 is its use of the phrase "[a]ll documents showing the date, location, and names of Defendant's employees involved for each incident of personal injury." This Court had occasion to evaluate nearly identical language in a document request and has concluded that it was overly broad on its face. *Thompson v. Jiffy Lube Intern., Inc.*, 2006 WL 3388502, *8 (D.Kan. 2006). In *Thompson*, the plaintiff moved to compel responses to document requests asking for

> (1) all documents identifying all former managers of all Jiffy Lube locations since January 1, 2003 and (2) all documents identifying all former managers for all Jiffy Lube locations since January 1, 2003 that were terminated for performance related issues. Plaintiffs argue that they are entitled to know the names of the former managers in order to interview them.

*Id.* at *8.

Denying the motion to compel, the Court held, "[t]he motion to compel 'all documents' shall be summarily DENIED as overly broad and unduly burdensome." *Id.* The Court reasoned that because plaintiffs desired only the identity of persons with discoverable information, "a request for *all* documents showing that a manager worked at a particular location is overly broad on its face." *Id.* The same problems affect plaintiff's Request No. 24 in this case. To the extent plaintiff seeks to identify persons who were injured in a manner similar to plaintiff, they can obtain this information through an interrogatory, and not through a facially overbroad request for production.

### C. Plaintiff's Request No. 24 and Interrogatory No. 11 Are Overly Broad Because They Do Not Contain Proper Limits on Scope.

Interrogatory No. 11 and Request No. 24 are not properly limited in scope. Although plaintiff claims to have suffered an acute injury while working for UP at a specific location, he has asked for information regarding every incident since March 2002 that has occurred anywhere in the 23 states in which UP operates. And he has included within this dragnet all injuries

7

suffered by any employee, to any part of his or her body, from any cause, so long as the injury occurred as the employee was dismounting a railcar. This discovery seeks information regarding incidents that bear no similarities to the plaintiff's alleged injury and its causes.[4]

This Court has held that Rule 26 gives the Court the authority to "confine discovery to the claims and defenses asserted in the pleadings, and signals to the parties that they have no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings." *Azimi v. United Parcel Serv., Inc.*, 2007 WL 2010937, *2 (D.Kan. 2007). When the relevancy of a request is not readily apparent, the party seeking the discovery has the burden to show the relevancy of the request. *Owens v. Sprint/United Management Co.*, 221 F.R.D. 649, 652 (D.Kan. 2004).

In order to determine the proper scope of discovery here, it is first necessary to define the plaintiff's legal claims. *Fine v. Facet Aerospace Products Co.*, 133 F.R.D. 439, 442 (S.D.N.Y. 1990). In this case, however, plaintiff's pleadings contain no allegations that would permit the unlimited discovery into prior incidents that Interrogatory 11 and Request No. 24 engender. Because plaintiff refuses to provide even the barest details of the working conditions he considered dangerous or the acts of negligence underlying his claims, he cannot demonstrate that evidence of incidents involving other workers is reasonably calculated to lead to the discovery of admissible evidence. *See Id.* at 441 ("Generally, different models of a product will be relevant if they share with the accident-causing model those characteristics pertinent to the legal issues raised in the litigation."); *United Oil Co., Inc. v. Parts Associates, Inc.*, 227 F.R.D. 404, 413 (D. Md. 2005)(requiring that discovery into other incidents involve the same injury-causing mechanism and part of the body at issue in plaintiff's claims). For example, if it turns out that

---

[4] Once again, plaintiff's refusal to describe the cause of his injury and the alleged negligence renders it impossible to define a proper scope of discovery at this point.

plaintiff is alleging that he hurt his hip because of a broken ladder rung, then evidence that another employee who hurt his shoulder because of a defective grab iron would be wholly irrelevant.

Unless and until plaintiff provides basic information regarding his injury and the railroad's alleged negligence, the Court should deny his request for the subject discovery. And once the plaintiff does identify such information, the Court should enter an order limiting the scope of Interrogatory No. 11 and Request No. 24 to matters reasonably related to the facts and theories at issue in this case.

### D. UP Has Not Waived its Privilege Claims By Failing to Prepare a Privilege Log Before the Court Has First Ruled on UP's Other Objections.

Plaintiff's suggestion that UP has waived its privilege objections by failing to provide a privilege log is not well taken. UP has raised multiple objections to plaintiff's discovery requests, and until these objections are resolved and the Court indicates whether and to what extent plaintiff's request calls for properly discoverable information, UP cannot reasonably be expected to prepare a privilege log. Rule 26 requires a privilege log when "a party withholds information *otherwise discoverable* by claiming that the information is privileged or subject to protection as trial-preparation material." Fed.R.Civ.P. 26(b)(5)(emphasis added).

And as one Court has observed, a responding party is not required to identify documents on a privilege log unless and until the information sought is deemed "otherwise discoverable." *Berryman v. SuperValu Holdings, Inc.*, 2008 WL 4934007, *12 (S.D. Ohio 2008). Thus, where a responding party objects to a document request on other grounds, such as on grounds that the information sought is not discoverable or that the request is overly broad and burdensome, the party's duty to prepare a privilege log does not arise unless and until the court first determines the merits of the objections and hence decides whether the information sought is "otherwise

discoverable." *Id.* (citing Advisory Committee Notes to 1993 Amendments to Fed.R.Civ.P. 26(b), 146 F.R.D. 401, 640 (1993)); *See also DelCampo v. Am. Corrective Counseling Servs., Inc.*, 2007 WL 4287335, at *4 (N.D. Cal. 2007)(impermissibly broad discovery requests that would place an undue burden on respondents attempting to compile a privilege log may excuse their failure to do so); *In re Joy Global, Inc.*, 2008 WL 2435552, *4 (D. Del. 2008)(holding that a document-by-document privilege log is not always necessary when a party has, in good faith, asserted other non-privilege objections to the discoverability of a whole range of materials).

Were the rule otherwise, a party responding to patently overbroad discovery would be required to compile a provisional privilege log to hedge against the potential that a court would overrule its good-faith objections. *See In re Joy Global, Inc.*, 2008 WL 2435552 at *4 ("[T]o require that a privilege log be prepared by the date of responses to document requests even when a party has additional good faith bases to object to the discovery, might invite abuse."). Under the circumstances, UP should not be deemed to have waived its right to assert claims of privilege for documents responsive to requests to which UP filed timely, good faith objections that have yet to be resolved. In the event the Court overrules UP's objections, either wholly or in part, UP will supply an appropriate privilege log.

### III. Request No. 23.

#### A. Request No. 23 is Facially Overbroad.

Requests No. 23 is facially overbroad for the same reasons discussed in the foregoing section. It asks for "all documents ***relating to*** Defendant's employees advising Defendant, its foremen or supervisors, of safety hazards or injuries associated with or caused by dismounting or using the hand-rail/grab iron/ladders of the tank car involved in Plaintiff's injury incident or other tank cars of the same model." *See Doc. # 29, Ex. 2, pg 8 (emphasis added)*. Unlike the

request at issue in *In re Urethane Antitrust Litigation*, 261 F.R.D. 570, 576 (D.Kan. 2009), regarding which the Court held that the "'omnibus phrases' used therein modify sufficiently specific types of information and documents," Request No. 23 is not limited to a specific type of information or documents. As this Court has held, where the phrase "relate to" does not modify a specific type of document, but rather all documents, its very use makes the requests overly broad on their face." *Western Resources, Inc. v. Union Pac. R.R. Co.*, 2001 WL 1718368, *3 (D.Kan. 2001). Thus, the Court held, a request seeking "all documents that refer or relate to communications between" the plaintiff and other parties on certain subjects was overly broad on its face; and thus, unenforceable. *Id.*

### B. Request No. 23 Seeks Information Neither Relevant Nor Reasonably Calculated to Lead to the Discovery of Admissible Evidence.

For the same reasons addressed in Section I, above, plaintiff cannot demonstrate the relevance of the information sought in Request No. 23 when he refuses to provide information about the nature of his claims against UP. This is especially true when he seeks information regarding other incidents that are wholly unrelated to those at issue in this case. Because plaintiff has yet to provide information regarding his claims, and because his complaint contains no allegations sufficient to support his discovery, UP's objections should be sustained.

### IV. Request Nos. 13 and 28.

For the same reasons addressed above, plaintiff cannot carry its burden of demonstrating the propriety of Request Nos. 13 and 28, particularly when he will not disclose information about his injury that would allow UP and the Court to assess any arguable relevance the information may have.

11

### V. Interrogatory Nos. 15(k) and 18 and Request No. 22.

UP has already agreed to provide the requested information to the extent it exists, and with the limitations plaintiff imposed, and UP is in the process of retrieving this information.

### CONCLUSION

WHEREFORE, for the foregoing reasons, defendant Union Pacific Railroad Company requests that Court deny plaintiff's Motion to Compel and that the Court grant it all other and further relief that the Court deems just, proper and equitable.

Respectfully submitted,

**YERETSKY & MAHER, L.L.C.**

By: /s/ Craig M. Leff

| | |
|---|---|
| James M. Yeretsky | KS#12355 |
| Gregory F. Maher | KS#11061 |
| Craig M. Leff | KS#16251 |
| Christopher C. Confer | KS#21419 |

Southcreek Office Park
7200 West 132nd Street, Suite 330
Overland Park, Kansas 66213
Telephone: (913) 897-5813
Facsimile: (913) 897-6468
**ATTORNEYS FOR DEFENDANT
UNION PACIFIC RAILROAD COMPANY**

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was electronically filed this 11th day of August, 2010 with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to the following:

Mr. Nelson G. Wolff
Mr. Patrick K. Bader
Schlichter, Bogard & Denton
100 South Fourth Street, Suite 900
St. Louis, Missouri 63102

Mr. John W. Johnson
Morris Laing
300 North Mead, Suite 200
Wichita, Kansas 67202-2745
**ATTORNEYS FOR PLAINTIFF**

　　　　　　　　　　　　　　　　　　　　　　/s/ Craig M. Leff
　　　　　　　　　　　　　　　　　　　　Craig M. Leff

S:\885\pldgs\SIO P's Motion to Compel.doc