# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JACOB WHITE, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 09-1407-EFM-KGG |
| ) | |
| UNION PACIFIC RAILROAD ) | |
| COMPANY, ) | |
| ) | |
| Defendants, ) | |
| _____ ) | |

## MEMORANDUM AND ORDER

Before the Court is Defendant's Motion to Compel Discovery and supporting memorandum. (Docs. 20, 21.) Plaintiff has responded in opposition (Doc. 22) and Defendant has replied (Doc. 27). The Court has reviewed the submissions of the parties, including the discovery requests at issue, and is prepared to rule.

## PROCEDURAL BACKGROUND

Plaintiff filed his federal court Complaint on December 23, 2009, bringing negligence claims against his employer, Defendant Union Pacific Railroad Company, under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 *et seq.*,

resulting from on-the-job injuries sustained by Plaintiff "[o]n or about late April 2007." (*See generally* Doc. 1.)  Defendant filed its Answer on January 18, 2010, admitting certain factual allegations, but generally denying Plaintiff's claims of negligence while raising various affirmative defenses.  (Doc. 8.)

Defendant served the discovery requests at issue on March 1, 2010 (Doc. 12), approximately three years after Plaintiff sustained the injury at issue.  The parties served their initial disclosures on March 4, 2010 (Docs. 13, 14), in accordance with the Court's Scheduling Order (Doc. 11.)

Plaintiff filed his written responses to Defendant's discovery requests on April 27, 2010.  (Docs. 21-1, 21-2.)  Thereafter, on May 11, 2010, defense counsel sent a golden rule letter to Plaintiff's counsel, outlining various concerns regarding Plaintiff's discovery responses.  (Doc. 21-3.)  Plaintiff responded in writing on May 28, 2010, clarifying certain answers, but maintaining most of his objections. (Doc. 22-2.)  After requesting (Doc. 18) and receiving (Doc. 19, text entry) an extension of time to file a motion to compel, Defendant filed the present motion and supporting memorandum on June 15, 2010.  (Docs. 20, 21.)

Defendant seeks an Order compelling Plaintiff to respond to Interrogatories Nos. 5, 16, 20 - 22, of Defendants' First Set of Interrogatories (Doc. 21-1) and Requests Nos. 8, 29 - 38 (Doc. 21-2) of Defendants' First Request for Production.

Defendant asks the Court to overrule Plaintiff's objections, generally arguing that Plaintiff's responses "are inconsistent with the Federal Rules of Civil Procedure" and that Plaintiff's invocation of the work product privilege regarding factual information is "[p]articularly troublesome." (Doc. 21, at 3.) Plaintiff responds that he has fully answered Defendant's requests and that "[a]ny additional questions about the facts and circumstances of the matters relevant to this case are properly addressed by Defendant elsewhere in depositions." (Doc. 22, at 2.)

## DISCUSSION

Fed. R. Civ. P. 26(b) states that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." "'Discovery relevance is minimal relevance,' which means it is possible and reasonably calculated that the request will lead to the discovery of admissible evidence." ***Teichgraeber v. Memorial Union Corp. of Emporia State University***, 932 F.Supp. 1263, 1265 (D. Kan. 1996) (internal citation omitted). "Relevance is broadly construed at the discovery stage of the litigation and a request for discovery should be considered relevant if there is any possibility the information sought may be relevant to the subject matter of the action." ***Smith v. MCI***

*Telecommunications Corp.*, 137 F.R.D. 25, 27 (D.Kan.1991). With these general parameters, the Court will address the various discovery requests at issue.

**A.     Interrogatory No. 5**.

This interrogatory seeks an itemized listing of each element of Plaintiff's damages, including a method of calculation. (Doc. 21-1, at 2-3.) Plaintiff objected that it seeks "work product with respect to the amount of damages that will be sought at trial . . ." and referred Defendant to Plaintiff's Complaint for relevant information. (*Id.*, at 3.) While a perusal of Plaintiff's Complaint uncovers a listing of Plaintiff's various injuries, it does not, however, include an actual computation of damages. (*See* Doc. 1, at ¶ 7.)

In response to defense counsel's golden rule letter, Plaintiff addressed his damages in the following manner:

> Plaintiff's damages in this case, including medical treatment, are on-going. Accordingly, an accurate determination as to damages cannot be made at this time and our investigation continues. Defendant has been provided with evidentiary documents to support Plaintiff's damages claims, including medical records and bills, and is aware of his wage history. Plaintiff is currently awaiting Defendant's discovery responses related to Plaintiff's pay records. Plaintiff will supplement his response.
>
> Subject to that, Plaintiff states his damages include approximately 8.5 months of lost wages and months of his lost fringe benefits. Plaintiff has $3,500 in outstanding medical expenses and has endured significant pain and

    emotional distress. He has a permanent, progressive injury
    with ongoing pain.

(Doc. 22-2, at 1.) In his response to Defendant's motion, Plaintiff refers to his Complaint and various medical records and bills produced to Defendant, arguing this allows Defendant "to determine first hand the extent of these medical damages." (Doc. 22, at 3.)

  While Plaintiff clearly has the option to produce records in response to an interrogatory, he must identify the responsive documents in his response "in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could." Fed.R.Civ.P. 33(d). Plaintiff has not met this burden by obliquely referring to his Complaint in the interrogatory response, referencing "medical records and bills" in his motion response, and providing a vague description of lost wages and benefits in response to Defendant's golden rule letter.[1] Simply stated, Plaintiff has thoroughly failed to respond to Defendant's Interrogatory No. 5.

  The Court is somewhat taken aback by Plaintiff's refusal to respond to what would appear to be a typical damages interrogatory. The requested information could not be more relevant and, therefore, is obviously discoverable. Further, as

---

[1] Further, absent some document categorizing and itemizing Plaintiff's various categories of damages, the Court is inclined to believe this is not the type of interrogatory for which a Rule 33(d) production of documents would provide a sufficient answer.

5

Defendant points out, Plaintiff is required to include this information in his initial disclosures, which clearly necessitate including "a computation of each category of damages claimed by the disclosing party" as well as the production of the documents "on which each computation is based, including materials bearing on the nature and extent of injuries suffered." Fed.R.Civ.P. 26(a)(1)(iii). Plaintiff's argument – that additional discovery is needed regarding damages and so Interrogatory No. 5 can be supplemented after discovery has been completed – is meritless. Although Plaintiff has a duty to supplement his discovery responses, he also has a duty to respond to them based on the information reasonably available to him. Fed.R.Civ.P. 26(a)(1). By any measure, Plaintiff has failed to do so.

Plaintiff has further failed to adequately support his claim for work product privilege. His motion response regarding Interrogatory No. 5 contains no discussion of the privilege. As such, the Court deems this objection waived. *See Cardenas v. Dorel Juvenile Group, Inc.*, 232 F.R.D. 377, n.15 (D.Kan. 2005) (stating that "[w]hen ruling upon a motion to compel, the Court will consider only those objections that have been (1) timely asserted, and (2) relied up in response to the motion to compel." (Internal citations omitted).) In addition, the application of that privilege to this discovery request is dubious. The Court therefore **GRANTS** Defendant's motion relating to Interrogatory No. 5. Plaintiff is hereby ordered to

provide a thorough, written response to Defendant's Interrogatory No. 5 – based on the information currently available to him.

**B.	Interrogatory No. 16 and Request for Production No. 8**.

These discovery requests relate to any audio or video recordings of the equipment or property owned by Defendant to which Plaintiff refers in his Complaint. (Doc. 21-1, at 6-7; Doc. 21-2 at 3.) Plaintiff objected to both inquiries on the basis of the work product doctrine. (*Id.*) He states in his response that he has no such responsive documents at the present time, other than previously produced photographs of the subject tank car. (Doc. 22, at 6.) Even so, he argues that if he or his representatives "reproduced or depicted the scene or equipment involved in Plaintiff's injury incident in anticipation of litigation, such a reproduction or depiction would be work product." (*Id.*)

To the extent Plaintiff is merely referring to a photographic or video "reproduction or depiction" of the property or equipment at issue, the Court fails to see how the same would be considered work product, regardless of who took the photographs at issue. Plaintiff's response to Defendant's motion cites no case law and thoroughly fails to establish how this doctrine would protect the disclosure of the requested information. Further, until there are specific documents at issue, the Court finds Plaintiff's objection to be, at best, unnecessary and premature. *See*

7

*Nazar v. Wolpoff & Abramson, LLP*, 530 F.Supp.2d 1161, 1171 (discussing the prohibition of Article III on federal courts issuing advisory opinions) (citation omitted).  The Court therefore overrules Plaintiff's blanket objection.

The Court therefore **GRANTS** Defendant's motion relating to Interrogatory No. 16 and Request for Production No. 8.  To the extent Plaintiff has no responsive documents, he is hereby ordered to provide written responses to Defendant's Interrogatory No. 16 and Request for Production 8.  Further, should such documents be discovered and/or come into existence in the future and Plaintiff believes the same to be privileged, he is directed to immediately produce an appropriate privilege log, providing adequate information for Defendant – and the Court, if necessary – to analyze the basis and legitimacy of any claimed privilege.

**C.     Interrogatories Nos. 20, 21, and 22**.

These interrogatories ask Plaintiff to provide information relating to the basis of his claims of negligence.  Each will be discussed separately.

    **1.     Interrogatory No. 20**

This interrogatory requests that Plaintiff identify any "safety rule, ordinance, statutes, rule, regulation or standard allegedly violated."  (Doc. 21-1, at 8.)  Plaintiff objected that the information was protected from disclosure by the work product doctrine.  (*Id*.)  In Plaintiff's response to Defendant's motion, however, he

argues only that requiring him to respond to the interrogatory without first allowing him to conduct discovery on the issue is "simply inappropriate and premature." Plaintiff's memorandum makes no mention of the work product doctrine. As such, the objection is waived. *See* Fed.R.Civ.P. 33(b)(4); *see also*, *Cardenas*, 232 F.R.D. at n.15. Further, because Plaintiff's "inappropriate and premature" objections were not made in his response to the interrogatory at issue (*see* Doc. 21-1, at 8), but rather were raised for the first time in response to Defendant's motion, the same will not be considered. *See id.*[2]

The same is true for the argument in Plaintiff's memorandum that Interrogatory No. 20 is a "contention" interrogatory. This objection was not raised in Plaintiff's response to Interrogatory No. 20 and was, therefore, waived. ***Farha v. Idbeis***, No. 09-1059-JTM, 2010 WL 3168146, at *2 (D.Kan. Aug. 10, 2010) (citing ***Starlight Int'l, Inc. v. Herlihy***, 181 F.R.D. 494 (D.Kan. 1998) (holding that objections raised in a response to a motion to compel but not asserted in the original discovery responses are waived).

Even assuming the objection was timely, the Court is not inclined to agree

---

[2] Although Fed.R.Civ.P. 33(b)(4) provides that "for good cause" a court may excuse a failure to timely state an objection. Nowhere in Plaintiff's responsive memorandum, however, is there any discussion of good cause for the numerous objections that Plaintiff raises for the first time in his response in opposition. (*See generally* Doc. 22.) As such, objections raised for the first time in Plaintiff's memorandum (Doc. 22) will not be considered.

9

with Plaintiff's argument Defendant's inquiry into any allegedly violated statutes or regulations is an inappropriate contention interrogatory. (*See* Section C. 2, *infra*.) Defendant's motion is, therefore, **GRANTED** in regard to Interrogatory No. 20.

### 2. Interrogatory No. 21

This interrogatory seeks information regarding "each and every working condition" alleged to have "caused or contributed to" Plaintiff's injuries. (Doc. 21-1, at 8.) Plaintiff objected that it called for a narrative and stated he "will answer if asked during his deposition." (*Id*., at 9.)

Plaintiff's suggestion that Defendant should proceed by deposition to obtain this information is in direct contravention of the Federal Rules of Civil Procedure (particularly Fed. R. Civ. P. 26), which generally allow a party to chose its method and sequence of discovery. Further, Plaintiff's counsel has stated that Plaintiff "was not able to perform an exhaustive survey of the conditions of the tank car and surroundings at the scene of his injury." (Doc. 22, at 11.) Plaintiff's counsel also argues that "as a conductor, it was not [Plaintiff's] job to inspect the car or the scene." The Court therefore believes that it should be easier for Plaintiff to answer the question in writing, after having time to remember and reflect on the topic, rather than to be presented with these questions for the first time in a deposition.

Further, by urging that Defendant could ask the same question in a deposition, Plaintiff has impliedly conceded that this issue is calculated to lead to the discovery of admissible evidence and can, in fact, be answered.

In his response to Defendant's motion, Plaintiff clarifies his argument that this interrogatory is "narrative" by stating that "[t]his contention interrogatory is overbroad." (Doc. 22, at 10.) Contention interrogatories are expressly permitted by Federal Rule of Civil Procedure 33(a)(2) and are designed to "narrow and define issues for trial and to enable the propounding party to determine the proof required to rebut the respondent's position." *Steil v. Humana Kan. City, Inc*., 197 F.R.D. 445, 447 (D.Kan.2000). As the objecting party, Plaintiff has the burden to support his objections. *Swackhammer v. Sprint Corp., PCS*, 225 F.R.D. 658 (D.Kan.2004). In the Court's opinion, he has failed to do so.

Courts in this District have, as a general rule, held that "interrogatories seeking 'each and every fact' and which blanket the entire case are objectionable." *Heartland Surgical Specialty Hosp., LLC v. Midwest Div., Inc.*, No. 05-2164-MLB-DWB, 2007 WL 2192860, at *2 (D. Kan. July 25, 2007) (citing *Allianz Ins. Co. v. Surface Specialties, Inc.*, No. 03-2470-CM-DJW, 2005 WL 44534, at *2 (D.Kan. Jan.7, 2005)).³ On the other hand, "an interrogatory which is more narrow

---

³ Even where the Court finds that a request improperly seeks each and every fact blanketing the entire case, it has modified the request and required the responding party to

11

in scope and which does not seek every conceivable detail and fact concerning the entire case is not unduly burdensome or overly broad on its face even though it asks for 'each and every' specific concerning that narrow topic." *Heartland Surgical Specialty Hosp., LLC*, 2007 WL 2192860, at *2 (citing *Cardenas v. Dorel Juvenile Group, Inc.*, 231 F.R.D. 616, 619 (D.Kan.2005)). In the Court's opinion, Plaintiff seems to incorrectly focus on Defendants' use of the phrase "each and every." The use of this phrase, while not ideal, does not, in and of itself, nullify an otherwise proper discovery request. Defendants have narrowed their request by requesting "**each and every working condition** that you allege has **caused or contributed to your injuries** . . ." (Doc. 21-1, at 8, emphasis added.) This is not the same as each and every fact that blankets the entire case.

Defendant argues that it "is not required – as Plaintiff suggests – to wait until Plaintiff's deposition to learn the basic facts about what he claims caused his injuries." (Doc. 21, at 9.) Defendant continues that

> [u]nder Plaintiff's logic no discovery need be answered if the subject can be broached and explored during a deposition. Such a position is contrary to the very design of the Federal Rules which contemplate using interrogatories to learn the basic facts of a party's case.

---

identify the "principal and material facts." *Heartland Surgical Specialty Hosp., LLC v. Midwest Div., Inc.*, No. 05-2164-MLB-DWB, 2007 WL 756631, at *7 (D. Kan. March 8, 2007). Here, Plaintiff made no attempt to answer at all, but merely made an objection.

(*Id.*)  The Court agrees.  Clearly Defendant has the right to know the acts or omissions for which Plaintiff believes it should be held legally accountable.  Defendant also has a right to know this information before questioning Plaintiff at his deposition.  Finally, Defendant has the right to choose the method and sequence of discovery it sees fit.  Defendant's motion is, therefore, **GRANTED** in regard to Interrogatory No. 21.

### 3. Interrogatory No. 22

The final interrogatory at issue asks Plaintiff to "set forth the principal facts supporting his allegations of negligence . . ."  (Doc. 21-1, at 9.)  Plaintiff objected that it was overly broad, unduly burdensome, called for a legal conclusion, and sought information protected by the work product doctrine.  (*Id.*)  As with Interrogatory No. 20, *supra*, Plaintiff's memorandum makes no mention of the work product doctrine.  As such, this objection is waived.  Fed.R.Civ.P. 33(b)(4); *see also*, **Cardenas**, 232 F.R.D. at n.15.  The Court will, therefore, analyze Plaintiff's other objections.

Discovery requests must be relevant on their face.  ***Williams v. Bd. of County Comm'rs***, 192 F.R.D. 698, 705 (D. Kan. 2000).  Once this low burden of relevance is established, the legal burden regarding the defense of a motion to compel resides with the party opposing the discovery request.  *See **Cont'l Ill. Nat'l***

***Bank & Trust Co. of Chicago v. Caton***, 136 F.R.D. 682, 685 (D. Kan. 1991) (stating that a party resisting a discovery request based on relevancy grounds bears the burden of explaining how "each discovery request is irrelevant, not reasonably calculated to the discovery of admissible evidence, or burdensome"). The Court finds Interrogatory No. 22 to be relevant on its face. Thus, Plaintiff must establish that they are overly broad and unduly burdensome.

Although Plaintiff's discovery response objects that Interrogatory No. 22 is overly broad and burdensome, he does not indicate why or how this is so. (*See* Doc. 21-1, at 9.)

> When a party files a motion to compel and asks the Court to overrule certain objections, the objecting party must specifically show in its response to the motion to compel, despite the broad and liberal construction afforded by the federal discovery rules, how each request for production or interrogatory is objectionable.

***Sonnino v. Univ. of Kan. Hosp. Auth.***, 221 F.R.D. 661, 670-71 (D.Kan.2004). "The objecting party must show specifically how, despite the broad and liberal construction afforded the federal discovery rules, each question is overly broad, burdensome, or oppressive by submitting affidavits or offering evidence revealing the nature of the burden." ***Allianz***, 2005 WL 44534, at *2 (internal citation omitted). Plaintiff's response to Interrogatory No. 22 was nothing more than a mere conclusory objection that failed to specifically demonstrate how the

offending interrogatory was improper. *See **Teichgraeber v. Memorial Union Corp. of Emporia State Univ**.*, 932 F.Supp. 1263, 1266 (D.Kan. 1996) (internal citation omitted).

Although Plaintiff's responsive memorandum does not specifically mention the "overbroad, unduly burdensome" objection, the Court surmises he addresses the objection with a discussion as to how the Interrogatory No. 22 constitutes an inappropriate contention interrogatory. (*See* Doc. 22, at 7-8.) For the reasons discussed in the preceding section, the Court does not agree. Defendants have narrowed their request to Plaintiff by asking him to "set forth the principle facts supporting your allegations of negligence set forth in paragraph 6 of your Complaint . . ." (Doc. 21-1, at 9.)

The Court finds that Defendant has adequately narrowed its discovery request to the specific allegations of negligence Plaintiff himself framed in a single paragraph of his Complaint. While the breadth of this interrogatory may indeed turn out to be substantial, it has been appropriately limited by reference to a specific portion of Plaintiff's Complaint – which was artfully worded by Plaintiff's own attorney. As such, the Court cannot find that Interrogatory No. 22 is overly broad or unduly burdensome on its face and Defendant's motion is **GRANTED** in regard to this interrogatory.

**D.     Requests for Production Nos. 29 - 38**.

Plaintiff's memorandum in opposition groups the offending document requests into two categories: 1) those seeking documents protected by the work product privilege (Requests Nos. 29 - 34); and 2) contention requests (Requests Nos. 35-38). Each category will be discussed in turn.

**1.     Requests seeking work product**

Plaintiff's discovery responses and memorandum do not adequately discuss or support how any of the requested documents could be protected by the work product privilege. Instead, Plaintiff simply argues that Requests Nos. 29 - 34 "clearly seek documents that could fall under the work product doctrine since each seeks the production of documents potentially prepared in anticipation of litigation." (Doc. 22, at 12.) This conclusory argument does not adequately support Plaintiff's objection. *Cf. **Teichgraeber***, 932 F.Supp. at 1266 (holding that a conclusory statement does not adequately support a relevance objection).

Plaintiff continues that "he has no privilege log and, thus, no responsive documents to produce at this time." (*Id.*) This statement infers that Plaintiff believes that he does not have to produce a privilege log unless or until he drafts one. This is not so, as the Federal Rules clearly establish a party's duty to produce a privilege log when withholding information "otherwise discoverable by claiming

16

the that the information is privileged or subject to protection . . ." Fed.R.Civ.P. 26(b)(5).

Therefore, the Court **GRANTS** Defendant's motion relating to Requests for Production Nos. 29, 30, 31, 32, 33, and 34. If Plaintiff is withholding documents pursuant to a privilege or doctrine, he must produce a privilege log to Defendant by the date designated at the end of this Order. If, on the other hand, Plaintiff is contending he need not produce a privilege log at the present time because he is not withholding any otherwise responsive documents, the Court agrees. He must, however, provide written responses to the requests at issue stating the same in compliance with the deadlines in this Order. Further, should Plaintiff locate and/or come into possession of such documents, a privilege log consistent with the terms of Fed.R.Civ.P. 26(b)(5) must be produced to Defendant forthwith.

### 2. Contention requests

As an initial matter, Plaintiff's discovery responses to Requests Nos. 35 - 38 do not contain a "contention" objection. (*See* Doc. 21-2, at 8-9.) Rather, the responses only object that the requests seek documents protected by the work product doctrine. (*Id.*) Thus, Plaintiff's contention objection has been waived. *See* Fed.R.Civ.P. 34(b)(2); *see also*, **Farha v. Idbeis**, 2010 WL 3168146, at *2.

Even assuming this objection was timely raised, the Court does not agree

17

that the requests are "contention requests" or are "premature" as Plaintiff argues. Each request in this group is specifically worded in a way that appropriately narrows its subject matter. For instance, Request No. 35 seeks "documents upon which Plaintiff, and/or any witness on behalf of Plaintiff, relies in support of Plaintiff's allegation that Defendant failed to provide reasonably safe conditions for work." (Doc. 21-2, at 8.) This request intentionally mirrors specific verbiage of Plaintiff's counsel from paragraph 6 of Plaintiff's Complaint. (Doc. 1, at 2, ¶ 6(d).) The same is true for Requests Nos. 36 and 37. (*Compare* Doc. 21-2, at 8 *with* Doc. 1, at 2, ¶¶ (6) (a), (e).) While Request No. 38 does not mimic language from the Complaint, the Court finds it is also narrowly tailored. The Court, therefore, **GRANTS** Defendant's motion as it relates to Requests Nos. 35, 36, 37, and 38.

**IT IS THEREFORE ORDERED** that Plaintiff's objections are overruled and Defendants' Motion to Compel Discovery (Doc. 20) is **GRANTED** in its entirety. Plaintiff shall respond to Defendant's discovery requests and provide any necessary privilege log as more fully set forth herein on or before **September 10, 2010**, with the information he currently has available. Plaintiff is reminded that he

can – and should – later supplement these answers as required by Rule 26(e) if additional discoverable information is obtained through discovery or other investigatory means.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas, on this 20th day of August, 2010.

s/ K<small>ENNETH</small> G. G<small>ALE</small>
KENNETH G. GALE
United States Magistrate Judge