# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

JACOB WHITE,               )
                                 )
               Plaintiffs,   )
                                 )
v.                            )     Case No. 09-1407-EFM-KGG
                                 )
UNION PACIFIC RAILROAD   )
COMPANY,              )
                                 )
               Defendants, )
_____ )

## MEMORANDUM AND ORDER

Before the Court is Plaintiff's Motion to Compel Discovery and supporting memorandum. (Docs. 28, 29.) Defendant has responded in opposition (Doc. 33) and Plaintiff has replied (Doc. 37). The Court has reviewed the submissions of the parties, including the discovery requests at issue, and is prepared to rule.

## PROCEDURAL BACKGROUND

Plaintiff filed his federal court Complaint on December 23, 2009, bringing negligence claims against his employer, Defendant Union Pacific Railroad Company, under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 *et seq.*, resulting from on-the-job injuries sustained by Plaintiff "[o]n or about late April

2007." (*See generally* Doc. 1.) Defendant filed its Answer on January 18, 2010, admitting certain factual allegations, but generally denying Plaintiff's claims of negligence while raising various affirmative defenses. (Doc. 8.)

The Court recently granted in its entirety a Motion to Compel filed by Defendant. (*See* Doc. 36.) Defendant had argued that Plaintiff's initial discovery responses "are inconsistent with the Federal Rules of Civil Procedure" and that Plaintiff's invocation of the work product privilege to withhold factual information and the identity of witnesses is "[p]articularly troublesome." (Doc. 21, at 3.) Defendant also complained that Plaintiff had not attempted to provide information regarding his claimed damages and refused to answer appropriate contention interrogatories. (*Id.*, at 3-9.) Plaintiff was ordered to provide supplemental discovery requests and any necessary privilege log by September 10, 2010. Plaintiff was also reminded to supplement his responses as additional information was obtained through discovery or other investigatory means. (*Id.*)

Plaintiff served his own discovery requests on April 26, 2010. (Doc. 15.) Defendant's responses were served on June 1, 2010. (Doc. 29-1.) Plaintiff's counsel communicated with defense counsel on June 5, 2010, regarding concerns that the responses were inadequate. (Doc. 29-3; *see also* Doc. 29, at 2.) The parties resolved certain issues and Defendant agreed to supplement its responses.

(Doc. 29, at 2.)  To facilitate Defendant's supplementation, Plaintiff filed an "Unopposed Motion for an Extension of Time to File a Motion to Compel Discovery" (Doc. 23), which the Court granted (Doc. 24, text entry).  Defendant failed to supplement its answers within the time Plaintiff was given to file his motion to compel, and Plaintiff gave Defendant an additional week to provide supplemental responses.  Defendant served the responses on July 15, 2010, but Plaintiff again found the responses to be incomplete, resulting in the present motion.  (Doc. 29, at 2.)

## DISCUSSION

Fed. R. Civ. P. 26(b) states that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." "'Discovery relevance is minimal relevance,' which means it is possible and reasonably calculated that the request will lead to the discovery of admissible evidence."  ***Teichgraeber v. Memorial Union Corp. of Emporia State University***, 932 F.Supp. 1263, 1265 (D. Kan. 1996) (internal citation omitted).  "Relevance is broadly construed at the discovery stage of the litigation and a request for discovery should be considered relevant if there is any possibility the information

sought may be relevant to the subject matter of the action." ***Smith v. MCI Telecommunications Corp.***, 137 F.R.D. 25, 27 (D.Kan.1991). Within these general parameters, the Court will address the various discovery requests at issue.

**A.      Interrogatory No. 2 and Request No. 8**.

These discovery requests seek all surveillance taken of Plaintiff. (*See* Doc. 29-1, at 1-2; Doc. 29-2 at 3.) Defendant objects that the requests are overly broad, unduly burdensome, and seek information protected by the attorney/client privilege and work product doctrine. (*Id*.) Without waiving the objections, Defendant states it has no such documents. Plaintiff seeks to have the objections overruled "in the event that surveillance is conducted on Plaintiff" in the future. (Doc. 29,a t 4.) Until there are specific documents at issue, the Court finds Defendant's objection to be, at best, unnecessary and premature. However, because no actual documents are at issue, the Court will not entertain Plaintiff's request for what constitutes an advisory opinion. *See **Nazar v. Wolpoff & Abramson, LLP***, 530 F.Supp.2d 1161, 1171 (discussing the prohibition of Article III on federal courts issuing advisory opinions) (citation omitted).

The Court therefore overrules Plaintiff's blanket objection to Defendant's response on this basis. Plaintiff's motion is **DENIED** as it relates to Interrogatory No. 2 and Request No. 8. The Court reiterates, however, that it is not ruling on the

discoverability or privileged nature of any such documents until or unless such documents actually exist. As such, should such documents come into the possession or control of Defendant, Defendant is hereby ordered to supplement these discovery responses, and any potential privilege log, accordingly.

**B.    Interrogatory No. 11 and Request No. 24**.

These discovery requests seek the identities of Defendant's employees involved in "each incident of personal injury since March 2002 related to dismounting or using the hand-rail/grab iron/ladder of tank cars" and, if such incident resulted in litigation, "the caption of each such lawsuit." (Doc. 29-1, at 7; Doc. 29-2 at 8.) Defendant objected to both inquiries as being overly broad, unduly burdensome, irrelevant, and violating the privacy of non-parties to this litigation. (*Id*.) Defendant also objected to the interrogatory as seeking information protected by the attorney-client privilege and work product doctrine. (*Id*.)

Plaintiff argues that the information will assist him in establishing the "foreseeability and negligence on the part of the railroad." (Doc. 29, at 6.) According to Plaintiff, "[o]ther personal injuries suffered by Defendant's employees performing the exact same task while using the same equipment within the five years prior to Plaintiff's injury are directly probative on the issues of

foreseeability and negligence." (*Id.*)

Defendant contends Plaintiff is requesting "information about other persons who claim to have suffered injuries without first identifying how his injury occurred or what negligent act or omission of the railroad allegedly caused it." (Doc. 33, at 5.) Defendant continues that "[i]t is significant that plaintiff's Motion to Compel contains more details about his supposed injury than he provided either in his Complaint, or in response to the specific interrogatories that UP served asking him to specify what negligent act or omission of the railroad caused his injuries." (*Id.*)

The Court is sympathetic to Defendant's position. In its prior ruling on Defendant's Motion to Compel, the Court discussed the disturbing lack of information provided in Plaintiff's responses to Defendant's discovery requests. (*See generally* Doc. 36.) Even so, Plaintiff has now been required by that previous Order to provide supplemental responses to Defendant's discovery requests. (*Id.*) Further, Plaintiff's discovery requests at issue adequately identify the specific type of equipment involved in any such other incidents. (Doc. 29-1, at 7; Doc. 29-2 at 8.)

Because of Plaintiff's identification of the specific type of equipment involved, the Court does not agree with Defendant's argument that these requests

are facially overbroad. Defendant contends that "[t]his Court has held on numerous occasions that a request or interrogatory is unduly burdensome on its face it if used the omnibus term 'relating to' or 'regarding' without respect to a general category or group of documents." (Doc. 33, at 6, citing *Moss v. Blue Cross & Blue Shield of Kansas, Inc*., 241 F.R.D. 683, 689-90 (D.Kan. 2007).) As the objecting party, Plaintiff has the burden to support his objections. *Swackhammer v. Sprint Corp., PCS*, 225 F.R.D. 658 (D.Kan.2004). In the Court's opinion, he has failed to do so.

Courts in this District have, as a general rule, held that discovery requests "seeking 'each and every fact' and which blanket the entire case are objectionable." *Heartland Surgical Specialty Hosp., LLC v. Midwest Div., Inc.*, No. 05-2164-MLB-DWB, 2007 WL 2192860, at *2 (D. Kan. July 25, 2007) (citing *Allianz Ins. Co. v. Surface Specialties, Inc.*, No. 03-2470-CM-DJW, 2005 WL 44534, at *2 (D.Kan. Jan.7, 2005)).[1] On the other hand, a discovery request "which is more narrow in scope and which does not seek every conceivable detail and fact concerning the entire case is not unduly burdensome or overly broad on its

---

[1] Even where the Court finds that a request improperly seeks each and every fact blanketing the entire case, it has modified the request and required the responding party to identify the "principal and material facts." *Heartland Surgical Specialty Hosp., LLC v. Midwest Div., Inc.*, No. 05-2164-MLB-DWB, 2007 WL 756631, at *7 (D. Kan. March 8, 2007). Here, Plaintiff made no attempt to answer at all, but merely made an objection.

face even though it asks for 'each and every' specific concerning that narrow topic." ***Heartland Surgical Specialty Hosp., LLC***, 2007 WL 2192860, at *2 (citing ***Cardenas v. Dorel Juvenile Group, Inc.***, 231 F.R.D. 616, 619 (D.Kan.2005)).

In the Court's opinion, Defendant incorrectly focuses on Plaintiff's use of the phrase "all documents." (*See* Doc. 33,a t 6-7.) The use of this phrase, while not ideal, does not, in and of itself, nullify an otherwise proper discovery request. Plaintiff has narrowed his request by requesting "**[a]ll documents** showing the date, location, and names of Defendant's employees involved for each incident of personal injury since March 2002 related to **dismounting or using the hand-rail/grab iron/ladder of the tank car involved in Plaintiff's injury incident or tank cars of the same model** . . ." (Doc. 29-2, at 8 (emphasis added.) This is not the same as seeking all documents that blanket the entire case.

Defendant's reliance on ***Thompson v. Jiffy Lube Intern., Inc***. is misplaced. In that case, the Court held that because the plaintiff was seeking only the identity of certain individuals, a request for "all documents" would be summarily denied as overly broad on its face. No. 05-1203-WEB, 2006 WL 3388502, at *8 (D. Kan. Nov. 21, 2006). In the present matter, Request No. 24 seeks the identity of other individuals injured as a result of using similar equipment, the date and location of

such incidents, and whether such injuries resulted in litigation.  (Doc. 29-2, at 8.)
This is clearly distinguishable from the document request involved in **_Thompson_**,
which sought only the identity of all of the defendant's managers "for interview
purposes."  2006 WL 3388502, at *8.

Further, the Court is not persuaded that the requests do not contain proper
limits on scope.  Plaintiff has limited his request to a period of five years
immediately preceding his injury, "to the same task performed by Plaintiff during
his injury incident, and to the same model tank car and equipment during his injury
incident."  (Doc. 29, at 7.)  The Court finds the temporal and substantive
limitations to be reasonable.

Defendant also argues that Plaintiff's request is geographically too broad as
it encompasses the 23 states in which UP operates.  Defendant has not, however,
provided any explanation as to how an injury involving similar equipment on the
same type of tank car would be irrelevant because it occurred in a state other than
Kansas.  The Court finds the geographic parameters of these requests to be
appropriate.

Finally, Defendant's concerns about the privacy interests of non-parties to
this lawsuit are not persuasive.  The fact that information may be confidential does
not make it privileged.  **_Federal Open Mkt. Comm. v. Merrill_**, 443 U.S. 340, 363

(1979).  The general rule is that discovery is not denied solely because the requested material is sensitive.  ***Audiotext Communications Network, Inc. v. U.S. Telecom, Inc.***, 1995 WL 625962 (D.Kan. 1995), citing ***Koch v. Koch Industries Inc.***, 1992 WL 223816 at *20 (D.Kan. 1992).   Defendant also makes no reference to this objection in its responsive brief.  As such, even if this argument had been valid, it is deemed waived.  *See **Cardenas v. Dorel Juvenile Group, Inc.***, 232 F.R.D. 377, n.15 (D.Kan. 2005) (stating that "[w]hen ruling upon a motion to compel, the Court will consider only those objections that have been (1) timely asserted, and (2) relied up in response to the motion to compel." (Internal citations omitted).)  Plaintiff's motion is, therefore, **GRANTED** in regard to Interrogatory No. 11 and Request for Production No. 24.[2]

**C.     Request No. 23**.

This request seeks "[c]opies of all documents relating to Defendant's employees advising Defendant . . . of safety hazards or injuries associated with or caused by dismounting or using the hand-rail/grab iron/ladders of the tank car involved in Plaintiff's injury incident or other tank cars of the same model."  (Doc. 29-2, at 8.)  Defendant objects that the requested information is irrelevant and that

---

[2]  To the extent Defendant intends to withhold otherwise responsive documents it believes to be privileged, Defendant is directed to provide Plaintiff with an appropriate privilege log in conjunction with its supplemental responses.

the request is facially overbroad because of the use of the term "relating to."  (*Id.*)

Finally, Defendant objects to the term "safety hazards" as its manger of

Mechanical Maintenance "found no defects or 'safety hazards'" with the subject

tank car.  (*Id.*)

Whether Defendant's employee found any such "safety hazards" is

irrelevant.  Plaintiff has requested information relating to complaints from

Defendant's employees regarding injuries or perceived safety hazards relating to

dismounting the type of car at issue and use of specific safety equipment to do so.

Clearly the requested information is relevant to Plaintiff's claims.

For the reasons discussed in the preceding section, the Court is again not

persuaded by Defendant's objection that the request employs an omnibus term.

(*See* Doc. 33, at 11.)  The Court finds that Plaintiff has adequately narrowed his

discovery request by asking for documents relating to complaints or injuries

occurring while dismounting and/or using the hand-rail on similar tank cars.  (Doc.

29-2.)  *See* **Heartland Surgical Specialty Hosp., LLC**, 2007 WL 2192860, at *2

(citation omitted).  As such, the Court cannot find that this discovery request is

overly broad or irrelevant on its face.  Plaintiff's motion is **GRANTED** in regard

to Request No. 23.

**D.    Request No. 13**.

Request for Production No. 13 seeks documents "from all safety meetings held with Plaintiff's craft in the subdivisions in which he worked since March 2002 relating to dismounting tank cars, safety hazards associated with dismounting tank cars, defective or ineffective tank car hand-rail/grab iron/ladders, or the tank car involved in Plaintiff's injury incident."  (Doc. 29-2, at 4.)  Defendant objects that the request seeks irrelevant information and that Plaintiff was not even employed by Defendant until 2006.  (*Id*.)

In the Court's opinion, the date of Plaintiff's hiring does not control the issue of relevancy.  Plaintiff's alleged injury occurred in April 2007.  Plaintiff is seeking information for a time period that extends five years before the alleged injury.  This, in the Court's opinion, is not an overly broad time frame, nor would any such information falling within the requested subject matter generated during this time frame be irrelevant on its face.

The Court notes Defendant's concern that, as of the filing of the present motion, Plaintiff had not "disclose[d] information about his injury that would allow UP and the Court to assess any arguable relevance the information may have." (Doc. 33, at 11.)  Because Plaintiff has been ordered to supplement his discovery responses (See Doc. 36) – and because his filings relating to both motions to

compel contain additional factual clarification – the Court finds there is sufficient factual context in which to evaluate the relevance of these requests. The Court thus **GRANTS** Plaintiff's motion as it pertains to Request No. 13.

**E.    Request No. 28**.

This request seeks documents exchanged with the manufacturer, distributor, and/or retailer of the tank car involved in Plaintiff's alleged injury relating "to the subject tank car or the tank cars of the same model and regarding dismounting tank cars, defective or ineffective hand-rail/grab iron/ladders on the tank car(s), and incidents of personal injury related to dismounting the tank car(s)." (Doc. 29-2, at 9.) Defendant objects that the request is "irrelevant" because "the handrail of the [tank car at issue] was not 'defective.'" (*Id*.)

The Court understands that the defense of this matter will, in large part, revolve around the argument that the tank car at issue (and the equipment thereon) was not defective. This does not, however, make Plaintiff's request irrelevant. Plaintiff is claiming that he was injured on the tank car at issue and that his injury may have been the result of defective equipment, such as handrails. Regardless of the final determination of fault in this lawsuit, Fed. R. Civ. P. 26(b) allows Plaintiff to "obtain discovery regarding any matter, not privileged, that is **relevant to the claim or defense of any party** . . ." (Emphasis added.) As stated previously,

"[r]elevance is broadly construed at the discovery stage of the litigation and a request for discovery should be considered relevant if there is any possibility the information sought may be relevant to the subject matter of the action." ***Smith v. MCI Telecommunications Corp.***, 137 F.R.D. 25, 27 (D.Kan.1991). Given these guidelines, the Court finds the requested information to be both relevant and discoverable. Plaintiff's motion is therefore **GRANTED** as it relates to Request No. 28.[3]

 

 

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel (Doc. 28) is **GRANTED** in part and **DENIED in part** as more fully set forth above. Defendant shall supplement its responses to Plaintiff's discovery requests and provide any necessary privilege log as more fully set forth herein on or before **October 18, 2010**.

**IT IS SO ORDERED.**

---

[3] Plaintiff's motion also sought to compel additional information responsive to Interrogatories Nos. 15(k) and 18 as well as Request No. 22. Defendant's responsive memorandum, however, stated that it has "agreed to provide the requested information to the extent it exists, and with the limitations imposed, and UP is in the process of retrieving this information." (Doc. 33,a t 11-12.) Plaintiff's reply does not discuss these discovery requests and does not controvert Defendant's statement regarding the parties agreement. As such, the Court deems these issues to have been resolved by the parties and will issue no further ruling thereupon.

Dated at Wichita, Kansas, on this 17th day of September, 2010.

 /s KENNETH G. GALE
KENNETH G. GALE
United States Magistrate Judge