**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

JACOB WHITE,               )
                                     )
                   Plaintiffs,   )
                                     )
v.                                 )     Case No. 09-1407-EFM-KGG
                                     )
UNION PACIFIC RAILROAD  )
COMPANY,                    )
                                     )
                   Defendants, )
_____ )

## MEMORANDUM AND ORDER

Currently before the Court is Plaintiff's "Motion to Compel Defendant's Corporate Designee Deposition(s)" and supporting memorandum. (Docs. 47, 48.) For the reasons set forth below, Plaintiff's motion is **GRANTED in part** and **DENIED in part**.

## PROCEDURAL BACKGROUND

Plaintiff filed his Complaint on December 23, 2009, bringing negligence claims against his employer, Defendant Union Pacific Railroad Company, under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 *et seq.*, resulting from on-the-job injuries he allegedly sustained "[o]n or about late April 2007." (*See generally* Doc. 1.) The facts of this case have been summarized in two previous

Orders from this Court regarding motions to compel filed by both parties. (*See* Doc. 36, 38.) Those facts are incorporated herein by reference.

Plaintiff noticed a deposition under Fed.R.Civ.P. 30(b)(6) for Defendant's corporate representative(s). (Doc. 43.) Enumerated therein were 16 topics on which Plaintiff sought Defendant's testimony. As discussed below, Defendant did not file a motion for a protective order, but instead objected in some fashion to each category of requested testimony. (Doc. 48-1.) As a result, Plaintiff filed the present motion to compel the deposition(s) of Defendant's designated representative(s). (Doc. 47.)

## DISCUSSION

The present motion relates to Plaintiff's "Notice of Videotaped Deposition(s)," which enumerates 16 topics on which Plaintiff seeks deposition testimony from corporate representative(s) to be designated by Defendant, pursuant to Fed.R.Civ.P. 30(b)(6). (Doc. 43.) This rule states that

> [i]n its notice or subpoena, a party may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity and must describe with reasonable particularity the matters for examination. The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify. A subpoena must advise a nonparty organization of its duty to make

this designation.  The persons designated must testify
about information known or reasonably available to the
organization.  This paragraph (6) does not preclude a
deposition by any other procedure allowed by these rules.

Defendant has objected in some fashion to all 16 topics and has patently refused to

provide a deponent for most of the topics.  (*See generally* Doc. 48-1.)

In several instances, Defendant has offered to provide documents, refers to

documents previously produced, or contends that no such documents exist –

arguing that requiring a deposition on these topics would be wasteful.  (*See id.*, at

6, 9, 10, 11 regarding categories 7, 12, 13, 14, 16.)  In the Court's view, Defendant

seems to be arguing that Plaintiff's available discovery methods should be limited

to document requests rather than depositions.  This is improper.

Parties may choose the manner and method in which they
conduct discovery.  The Federal Rules provide several
vehicles for discovery.  Parties may choose their
preferred methodology.  Courts generally will not
interfere in such choices.

*See* ***McCloud v. Board of Geary County Com'rs***, No. 06-1002-MLB, 2008 WL

3502436, at *2 (D. Kan. Aug. 11, 2008) *(citing* ***Audiotext Communications***

***Network, Inc. v. U.S. Telecom, Inc.***, No. 9402395-GTV, 1995 WL 625962, at *5

(D.Kan. Oct. 5, 1995)).

Considering that two previous orders on motions to compel have been

entered in this case, the Court is discouraged by the parties' continued inability to

resolve discovery issues without Court involvement.  This situation is especially troubling to the Court given its prior admonition regarding the "disturbing lack of information" provided in Plaintiff's discovery responses to Defendant.  (See Doc. 38, at 6.)  The parties should, at this point, be aware that the Court will not tolerate stonewalling in response to valid requests for information. Further, given the Court's prior orders, the parties have been provided with context and guidance as to how the Court would resolve similar discovery issues.  The fact that issues remain in regard to every category contained in Plaintiff's 30(b)(6) deposition notice is of concern.

Fed. R. Civ. P. 26(b) states that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  As such, the requested information must be both nonprivileged and relevant to be discoverable.

"'Discovery relevance is minimal relevance,' which means it is possible and reasonably calculated that the request will lead to the discovery of admissible evidence." *Teichgraeber v. Memorial Union Corp. of Emporia State University*, 932 F.Supp. 1263, 1265 (D. Kan. 1996) (internal citation omitted).  "Relevance is

broadly construed at the discovery stage of the litigation and a request for discovery should be considered relevant if there is any possibility the information sought may be relevant to the subject matter of the action." ***Smith v. MCI Telecommunications Corp.***, 137 F.R.D. 25, 27 (D.Kan.1991). Stated another way, "discovery should ordinarily be allowed unless it is clear that the information sought can have no possible bearing on the subject matter of the action." ***Snowden By and Through Victor v. Connaught Lab.***, 137 F.R.D. 325, 341 (D.Kan.1991), appeal denied, 1991 WL 60514 (D.Kan. Mar. 29, 1991).

Discovery requests must be relevant on their face. ***Williams v. Bd. of County Comm'rs***, 192 F.R.D. 698, 705 (D. Kan. 2000). Once this low burden of relevance is established, the legal burden regarding the defense of a motion to compel resides with the party opposing the discovery request. *See **Swackhammer v. Sprint Corp. PCS***, 225 F.R.D. 658, 661, 662, 666 (D. Kan. 2004) (stating that the party resisting a discovery request based on overbreadth, vagueness, ambiguity, or undue burden/expense objections bears the burden to support the objections); ***Cont'l Ill. Nat'l Bank & Trust Co. of Chicago v. Caton***, 136 F.R.D. 682, 685 (D. Kan. 1991) (stating that a party resisting a discovery request based on relevancy grounds bears the burden of explaining how "each discovery request is irrelevant, not reasonably calculated to the discovery of admissible evidence, or

burdensome"); ***Sonnino v. Univ. of Kan. Hosp. Auth.***, 221 F.R.D. 661, 670-71 (D. Kan. 2004); *see also,* ***Allianz Ins. Co. v. Surface Specialties, Inc.***, No. 03-2470-CM-DJW, 2005 WL 44534, at *2 (D.Kan. Jan. 7, 2005) (internal citation omitted). However, "[w]hen 'relevancy is not apparent, it is the burden of the party seeking discovery to show the relevancy of the discovery request.'" ***Dean***, 2002 WL 1377729, at *2 (citing ***Steil v. Humana Kansas City, Inc.***, 197 F.R.D. 442, 445 (D. Kan. 2000)).

Typically in these situations, a motion for a protective order is submitted by the party opposing the deposition. *See* ***Espy v. Mformation Technologies, Inc***., No. 08-2211-EFM-DWB, 2010 WL 1488555, at *3 (D. Kan. April, 13, 2010) (holding that the proper method for bringing to the Court's attention any deficiencies in the identification of Rule 30(b)(6) topics is for the party receiving the deposition notice to file a motion for a protective order). In the case at hand, Defendant merely objected to Plaintiff's deposition notice, resulting in Plaintiff filing the present motion to compel the deposition(s). In this context, the Court will analyze the categories of requested testimony enumerated in Plaintiff's Rule 30(b)(6) deposition notice.

A.      **Safety Rules (Category 1).**

Plaintiff has requested a deponent on the issue of Defendant's "operation,

safety rules and practices applicable to Plaintiff during the subject incident"
including those relating to a) dismounting, b) proper use of the dismounting
equipment, and c) plaintiff's compliance with the same. (Doc. 43, at 1-2.)
Defendant has agreed to provide a deponent for subcategories a) and b). The
Court, however, disagrees with Defendant's proposed limitation regarding the
remainder of this category.

Defendant objects that subcategory 1 c) "calls not for factual matters within
the railroad's knowledge, but rather UP's litigation position on whether Plaintiff
was contributorily negligent in causing his own injury." (Doc. 49, at 9.) It is
uncontested that during Plaintiff's deposition, Defendant questioned him regarding
the facts supporting his claims. Therefore, it is only fair that Plaintiff be allowed to
question Defendant regarding facts supporting any defenses raised – including
Defendant's assertion that "Plaintiff's injuries, if any, were caused by his own
negligence . . . ." (*See* Doc. 8, at 2.) Topic 1(c) of the deposition notice clearly
relates to this defense.

Defendant contends that providing testimony on this topic requires it "to
present itself as an expert witness . . . ." (Doc. 49, at 10.) The Court does not
agree. To the extent Defendant is aware of facts supporting its contention that
Plaintiff was contributorily negligent – or to the extent Defendant is aware of no

such facts – Plaintiff has the right to discover these facts through deposition testimony. Further, the Court does not see how such factual testimony would require the use of a scientific or learned expert as anticipated by Fed.R.Evid. 702. As such, the portion of Plaintiff's motion relating to subcategory 1(c) is **GRANTED**.

### B. Provision of a Safe Work Place (Category 2).

Plaintiff requests a deponent on the topic of Defendant's "responsibility, and actions taken, to provide [him] with a safe work place, safe work conditions, safe methods, and reasonably safe equipment at the time of the subject incident," including a working hand-rail and brake stick. (Doc. 43, at 2.) Defendant objects that this is a "pure question of law" and the request is "facially overbroad and fails to describe the subject with reasonable particularity as mandated by Rule 30(b)(6)." Doc. 49, at 11-12.)

The Court disagrees that this topic is overly broad and has not been described with reasonable particularity. A party objecting to a deposition topic must set forth a specific, particularized showing as to how the requested deposition testimony is objectionable. ***Cohen-Esrey Real Estate Servs. v. Twin City Fire Ins. Co***., No 08-2527, 2009 WL 4571845, at *1 (D.Kan. Dec. 3, 2009). Defendant has not made the required showing. Further, the topic at issue is not so overly broad as

to fall outside the "reasonable particularity" standard. To the contrary, the Court believes that this topic has been reasonably limited by, and described in, the specific wording contained in the deposition notice. (*See* Doc. 43, at 2.)

The Court also does not agree with Defendant's objection that this category seeks deposition testimony on a pure question of law. Even to the extent a question of law is implicated, there will obviously be facts supporting, refuting, and/or generally relating to the underlying question of law. Such facts are clearly discoverable. As such, Plaintiff's motion to compel is **GRANTED** in regard to Category 2.

### C. Facts Relating to the Subject Incident (Category 3).

Defendant has agreed to provide deponent(s) on the topics of post-incident inspections (subcategory (a)), reports prepared by Defendant regarding the incident (subcategory (b)), photographs, etc. of the scene, subject tank car, and dismounting equipment (subcategory (d)), and notices, track warrants, etc. identifying safety hazards with the use of the dismounting equipment (subcategory g – although Defendant believes there is no information relevant to this subcategory). This leaves three remaining sub-topics, which the Court will address in turn.

#### 1. Government agency investigations (subcategory 3(c)).

Defendant argues that it is not aware of any such investigations, thus there is

no need to provide a deponent on this issue.  Defendant cites the case of ***Tri-State Hosp. Supply Corp. v. U.S.***, for the proposition that "it would be a colossal waste of time and resources to require [Defendant] and its counsel to appear at a deposition simply to confirm [its] earlier denial that responsive information exists." 226 F.R.D. 118, 126 (D.D.C. 2005) (holding that "depositions are inherently "time-consuming and inefficient," and they ought to "be productive and not simply an excuse to seek information that is already known").

Defendant has misunderstood the thrust of the ***Tri-State Hosp. Supply*** opinion.  The case holds, in relevant part,

> **By its very nature, the discovery process entails asking witnesses questions about matters that have been the subject of other discovery.  There are, of course, only a finite number of pertinent events in any lawsuit, and how they occurred is a topic that may be pursued by all forms of discovery, even though the information provided by one form of discovery repeats and duplicates information yielded by another.  Thus, the fact that information has been provided to plaintiff concerning a particular category does not, in itself, make that category an impermissible subject of a 30(b)(6) deposition**.

> Of course, under Rule 26(c), the court may prevent a party from wasting its opponent's time and thereby causing undue burden and expense.  Fed.R.Civ.P. 26(c). In other cases, when necessary because of the way parties have conducted discovery, I have insisted that a 30(b)(6) deposition, which by its nature can be time-consuming and inefficient, be productive and not simply an excuse

to seek information that is already known. *See **Banks v. Office of the Senate Sergeant-at- Arms***, 222 F.R.D. 7, 19 (D.D.C.2004) (ordering the parties to find topics that will "insure that the 30(b)(6) depositions are meaningful exercises in ascertaining information that has not been previously discovered" and ordering the party seeking discovery "not [to] ask questions that duplicate questions previously asked of other witness or seek information that he already has by virtue of responses to other discovery devices"). However, ***Banks*** does not stand for the proposition that a court should review every 30(b)(6) deposition notice on a topic-by-topic basis to entertain objections that certain categories cover information that has already been provided in response to other discovery devices. **Such a time-consuming intrusion by the court in a process that should be managed by counsel should, if it is ever to occur, be limited to extreme situations where the right to take such a deposition is being abused**.

In the ordinary course, there is no need for such an intrusion. Counsel have every motivation to act efficiently; their clients, after all, are paying for their time, and counsel have many professional obligations. Moreover, the clock is ticking against the seven-hour limit in Rule 30(d)(2), and every moment wasted on a useless question is lost and cannot be used to ask a meaningful question.

In this case, **I will not preclude plaintiff from asking the 30(b)(6) witnesses about certain topics because those topics were the subject of previous discovery requests**. Instead, I will await the conclusion of the 30(b)(6) depositions and entertain, if necessary, any claim that the power to take them was abused by the manner in which the depositions were conducted, to include the claim that they were nothing more than duplicative of the discovery already provided.

11

226 F.R.D. at 126 (internal footnote omitted) (emphasis added).

Rather than support Defendant's proposition, ***Tri-State Hosp. Supply*** clearly supports an argument that Defendant's over-reaching objections to virtually every portion of Plaintiff's 30(b)(6) notice are improper. Defendant argues of the "colossal waste of time and resources" it and its counsel would have to expend to provide a simple response of "no" to Plaintiff's questions on this topic. The Court doubts that providing such a witness upon first request would have been less efficient than the effort expended resisting the request. Plaintiff's motion to compel is, therefore, **GRANTED** in regard to subcategory 3(c).

### 2. Disciplinary charges (subcategory 3(e)).

Defendant has attested that "no discipline was imposed on the Plaintiff or any other employee in connection with the incident," thus there is no need to provide a deponent on this issue. (Doc. 49, at 14.) For the reasons contained in section C(1) of the Court's Order, *supra*, Plaintiff's motion to compel is **GRANTED** in regard to subcategory 3(e).

### 3. Train orders (subcategory 3(f)).

This subcategory seeks "train orders, instructions and dispatcher communications" with the train at issue on the date in question. (Doc. 43, at 2.) Defendant contends this information "has no bearing on the incident in question"

because the "train never made it out of the yard."  (Doc. 49, at 15-16.)  Even so, Defendant does not say the information is nonexistent or is unavailable.  Given the liberal rules of discovery, the Court cannot say that the information "can have no possible bearing on the subject matter of the action."  *Snowden*, 137 F.R.D. at 341. This portion of Plaintiff's motion is, therefore, **GRANTED**.

### D. Design and Maintenance of the Tank Car and Dismounting Equipment at Issue (categories 4 and 5).

Defendant contends it should not be required to provide a corporate deponent on these issues because it "did not own the car Plaintiff alleges he was injured while dismounting, did not design the car, did not manufacture the car, and does not have the car."  (Doc. 49, at 16.)  Plaintiff contends this is "illogical" because he may inquire into Defendant's knowledge of these topics regardless of whether Defendant owns or possesses the car . . . ."  (Doc. 48, at 9.)  The Court agrees.  Regardless of the ownership or possession of the car in question, Defendant, as the operator of the train on which the car was attached, should have certain knowledge regarding these issues.

Defendant also argues that "Plaintiff has not alleged that the railcar was improperly inspected or maintained or that it had any mechanical defect that UP neglected to detect or repair."  (Doc. 49, at 16.)  Having reviewed a relevant portion of Plaintiff's deposition testimony, this may be the case, although

Plaintiff's testimony on this issue was somewhat open-ended.  (Doc. 49-3, at 4-5.)

Even so, the Court cannot find that the information sought "can have no possible

bearing on the subject matter of the action."  ***Snowden***, 137 F.R.D. at 341.  This

portion of Plaintiff's motion is **GRANTED** and Defendant shall provide a

deponent on these issues.

### E.  Safety Hazards of Dismounting Equipment (category 6).

In this subcategory, Plaintiff seeks a deponent regarding "[s]afety hazards to

train crew members using dismounting equipment of tank cars substantially similar

that used by Plaintiff in the subject incident . . . ."  (Doc. 43, at 2.)  Defendant

contends "[t]his topic involves a question of expert testimony" to "express

opinions about safety hazards to train crew members using dismounting equipment

on tank cars . . . ."  (Doc. 49, at 17.)  As such, Defendant contends the topic is in

appropriate for a 30(b)(6).  (Doc. 49, at 17.)

According to Fed. R. Evid. 702, expert testimony relates to "scientific,

technical, or other specialized knowledge."  Expert opinions are admissible "if (1)

the testimony is based upon sufficient facts or data, (2) the testimony is the product

of reliable principles and methods, and (3) the witness has applied the principles

and methods reliably to the facts of the case."  *Id*.  The Court cannot agree that

potential safety hazards regarding the use of dismounting equipment on a train car

can only be addressed through the type of "scientific, technical or specialized knowledge" anticipated by Fed. R. Evid. 702. As such, Plaintiff's motion is **GRANTED** in regard to Category 6 and Defendant shall provide a deponent to provide factual testimony regarding this category.

### F. Similar Injury Incidents (Category 7).

Defendant objects to providing a deponent on the issue of employees sustaining similar injuries (since March 2005) for "multiple reasons." (Doc. 49, at 18.) Defendant contends the category is "vague, undefined, and wholly inadequate to apprise UP about the specific subjects of the particular incidents." (*Id.*) The Court disagrees. Defendant has not made a specific, particularized showing as to how the requested discovery is objectionable. *See Cohen-Esrey Real Estate Servs. v. Twin City Fire Ins. Co*., No 08-2527, 2009 WL 4571845, at *1 (D.Kan. Dec. 3, 2009). The Court finds Defendant's response particularly troubling considering that the Court previously compelled Defendant to respond to a similarly worded written discovery request. (*See* Doc. 38, at 5-10.)

Defendant also objects that because it "has already produced documents sufficient to show the details of other [similar injury] incidents," requiring a deposition on the issue would be unreasonably cumulative. The Court again disagrees. During depositions, parties are frequently questioned regarding

documents produced through discovery.  *See **Tri-State Hosp. Supply Corp. v. U.S.**,* 226 F.R.D. at 126 (holding that "[b]y its very nature, the discovery process entails asking witnesses questions about matters that have been the subject of other discovery").  The Court sees no reason why Plaintiff should be denied this opportunity.  The Court also sees nothing improper or unduly burdensome about Plaintiff's temporal limitation (since March 2005).  As such, Plaintiff's motion is **GRANTED** in regard to Category 7.

### G.    Consideration of Modifications to Dismounting Equipment and Defendant's Ability to do so (Categories 8 and 11).

This category requests a deponent regarding 1) Defendant's "consideration . . . of any alteration or modification to the dismounting equipment . . . of the tank cars it furnishes to its employees and the use of brake sticks in tying/releasing hand brakes on rail cars" and 2) Defendant's "awareness of and ability to repair, modify or alter the dismounting equipment . . . and its awareness and ability to provide a brake stick to Plaintiff at the time of his injury incident."  (Doc. 34, at 3.) Defendant objects that because the tank cars are owned by other parties, it "has neither the right, nor the obligation, to alter or modify the mounting equipment located on the tank cars by third parties."  (Doc. 49, at 22.)  Should this be the case, the Court anticipates this portion of a deposition of Defendant's corporate representative would be completed very quickly.  The Court can see no reason to

16

prohibit questioning on these topics.

In regard to brake stick usage, Defendant agrees to provide a witness to "address the availability and use of break sticks in the Kansas City Service Unit, which embraces the 18th Street yard where Plaintiff contends he was working at the time of his supposed injury." (Doc. 49, at 23.) Defendant contends "[t]he need and availability of brake sticks varies significantly by location," considering its entire rail system, "which covers more than 30,000 miles of track in 23 states and contains hundreds of yards and switching facilities." Given Plaintiff's failure to explain the necessity of eliciting testimony regarding a larger geographic area, the Court finds Defendant's proposed geographic limitation to be valid. Plaintiff's motion is, therefore, **GRANTED** in regard to Categories 8 and 11, with this limitation regarding the usage of brake sticks.

### H.    Defendant's Opposition to Governmental Regulations on Dismounting Equipment since 1980 (Category 9).

Defendant argues that this information is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence because its "duty is defined by law, and whether [it] supported or opposed the regulation of safety appliances on tank cars has no bearing on either the duty it owed or whether it breached its duty in connection with [Plaintiff's] alleged injury." (Doc. 49, at 25.) Plaintiff argues that if Defendant "has fought to avoid the obligation to provide

17

Plaintiff and his co-workers with rail car dismounting features or tools which would make that job safer, such is highly relevant to the determination of whether Defendant provided Plaintiff with a reasonably safe workplace." (Doc. 48, at 15.) The Court finds Plaintiff's argument to be conclusory and self-serving with no factual support. The Court is also troubled by the 30+ year time frame of Plaintiff's request. Any link between historical opposition to new regulations and a potential failure to comply, years later, with such regulations after their enactment is, at best, extremely tenuous. As such, this portion of Plaintiff's motion is **DENIED**.

## I.     Inspection and Maintenance of Similar Cars (Category 10).

This category seeks a deponent regarding "[m]anufacturer and FRA recommended and required inspections and maintenance" for the model of tank car Plaintiff was using at the time of his injury. (Doc. 43, at 3.) Defendant objects because the regulations are public record and, therefore, it should not have to provide a witness to interpret them for Plaintiff. (Doc. 49, at 26.) Defendant also contends that this topic is irrelevant because Plaintiff "has not claimed that the railroad violated any maintenance or inspection regulation." (*Id.*, at 27.) Even so, the Court cannot find that this information "can have no possible bearing on the subject matter of the action." ***Snowden***, 137 F.R.D. at 341. Further, Plaintiff

should be allowed to depose Defendant regarding its understanding and awareness of such regulations.  This portion of Plaintiff's motion is, therefore, **GRANTED**.

**J.      Usage History of Subject Tank Car (Category 12)**.

Plaintiff seeks a deponent on this issue limited to the 30 days immediately prior to his injury.  (Doc. 43, at 3.)  Defendant "has offered to provide documents showing the use and location of the car during the 30 days preceding Plaintiff's accident, but objects to providing a witness to discuss the contents of the document."  (Doc. 49, at 27.)  Beyond this description of it's "offered" alternative, Defendant makes no substantive argument as to why Plaintiff's deposition request is improper.  As stated previously, parties are frequently questioned in depositions regarding documents produced through discovery.  *See **Tri-State Hosp. Supply Corp. v. U.S.***, 226 F.R.D. at 126 (holding that "[b]y its very nature, the discovery process entails asking witnesses questions about matters that have been the subject of other discovery").  Although Defendant contends the information it maintains on the car "is very limited," this simply establishes that this portion of any deposition would be brief.  Plaintiff's motion regarding this category is, therefore, **GRANTED**.

**K.      Past Wages and Benefits, Lost Wages (Category 13)**.

Defendant has offered to provide "a complete wage history" for Plaintiff, but

again objects to "a deposition that requires [it] to regurgitate the substance of those documents . . . ." (Doc. 49, at 28.)  As stated repeatedly in this Order, the  Court sees nothing inherently improper or unusual about Plaintiff requesting to depose Defendant's representative regarding documents produced through discovery.  *See Tri-State Hosp. Supply Corp. v. U.S.*, 226 F.R.D. at 126 (holding that "[b]y its very nature, the discovery process entails asking witnesses questions about matters that have been the subject of other discovery").

The Court is aware that the parties obviously disagree regarding the amount, or existence, of lost wages.  The Court agrees that Defendant is "not obligated to calculate Plaintiff's lost wages for him." (*Id*., at 29.)  Even so, Plaintiff is entitled to question Defendant on the subject of lost wages to determine Defendant's knowledge of the facts.  To the extent certain questioning on this subject may implicate expert testimony, Defendant is not required to provide an expert on this issue in order to comply with Plaintiff's 30(b)(6) notice.  To the extent Defendant has identified an economic expert to address the subject of potential lost wages, such witness may be deposed separately, at Plaintiff's choosing.  With these limitations, Plaintiff's motion is **GRANTED** in regard to this category.

**L.       Plaintiff's Personnel Files (Category 14)**.

Plaintiff next seeks a deponent regarding "[a]ll records kept by defendant

regarding [Plaintiff] including all personnel and personal files and the medical director's files." (Doc. 43, at 3.) Defendant again states that it has "previously provided [Plaintiff's] personal file and medical director's file, and it is unnecessary for an employee of [Defendant] to offer testimony about the contents of these documents absent some compelling reason that is not apparent from the notice." (Doc. 48-1, at 11.) Defendant contends this deposition "would be a waste of time and resources, and an unnecessary burden on the railroad." (*Id.*)

Again, however, the Court sees no reason why Plaintiff should be denied this opportunity. As the party resisting the discovery, Defendant bears the burden to support its objections. *Swackhammer*, 225 F.R.D. at 661, 662, 666; *Cont'l Ill. Nat'l Bank & Trust Co.*, 136 F.R.D. at 685; *Sonnino*, 221 F.R.D. 661, 670-71 (D. Kan. 2004). Defendant's argument that there is no need for Plaintiff to depose someone regarding previously produced documents does not meet this burden. Further, according to case law cited by Defendant, this type of questioning in a 30(b)(6) deposition is neither uncommon nor facially impermissible. *Tri-State Hosp. Supply Corp. v. U.S.*, 226 F.R.D. at 126. As such, Plaintiff's motion is **GRANTED** in regard to Category 14 regarding the documents previously produced by Defendant.

**M.     Training Materials (Category 15).**

The next category contained in the 30(b)(6) notice seeks a deponent regarding training materials used by Defendant during Plaintiff's employment regarding brake sticks, dismounting tank cars, "and any safety meetings or seminars held with plaintiff's craft within plaintiff's geographic work area" since 2002 regarding these subjects. (Doc. 43, at 3.) Defendant has offered to provide a deponent regarding "materials used to train employees in the use of brake sticks." (Doc. 48-1, at 11.) Defendant also agreed to "attempt to determine" if it conducted any safety meetings regarding brake sticks or dismounting tank cars. (*Id*.) Defendant continued, though, that "[a]bsent any records, it would be virtually impossible for [it] to recall the substance of each and every safety meeting held at any time with plaintiff's craft since 2002 over multiple work place locations." (*Id*., at 11-12.)

The Court finds Defendant's offer to be reasonable. As such, Defendant is ordered to provide the agreed deponent regarding materials used to train employees on brake stick usage. Defendant is also ordered to attempt to determine whether any relevant safety meetings were conducted since 2002 on the above-described issues. If so, a deponent will be provided. If not, Defendant shall provide a deponent to testify as to the same. Plaintiff's motion to compel is, therefore, **GRANTED** in regard to Category 15, subject to these limitations.

**N.      Third-Party Agreements Regarding Tank Cars (Category 16)**.

Finally, Plaintiff seeks a deponent regarding "[a]ll agreements with third parties related to Defendant's use of the subject tank car, including leases from the owner, maintainer and/or retailer of the tank car." (Doc. 43, at 3.)  Defendant contends that "[t]here were no agreements for defendant's use of the subject tank car, and thus [it] need not present a witness on the topic." (Doc. 48-1, at 12.) Plaintiff does not controvert this fact, but instead argues that he should be allowed to obtain sworn testimony on this "relevant issue." (Doc. 48, at 18.)  The Court finds Plaintiff's request to be reasonable.  *See Tri-State Hosp. Supply Corp. v. U.S.*, 226 F.R.D. at 126 (holding that "[b]y its very nature, the discovery process entails asking witnesses questions about matters that have been the subject of other discovery").

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel Defendant's Corporate Designee Deposition(s) (Doc. 47) is **GRANTED in part** and **DENIED in part** as more fully set forth above.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas, on this 22nd day of February, 2011.

    s/ KENNETH G. GALE
    KENNETH G. GALE
    United States Magistrate Judge