# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

JACOB WHITE, )
 )
       Plaintiff, )
 )
v. ) Case No. 09-1407-EFM-KGG
 )
UNION PACIFIC RAILROAD )
COMPANY, )
 )
       Defendant, )
_____ )

## MEMORANDUM AND ORDER

Currently before the Court is Defendant's "Motion to Reconsider" (Doc. 71) the Court's February 22, 2011, Memorandum and Order (Doc. 68) granting in part and denying in party Plaintiff's "Motion to Compel Defendant's Corporate Designee Deposition(s)" (Doc. 47). Defendant argues that the Court's rulings in regard to Categories 2, 3, 7, 13, 14, and 16 of Plaintiff's deposition notice "either misapprehended UP's position or ignored contrary law . . . ." (Doc. 72, at 1.) For the reasons set forth below, Defendant's motion (Doc. 71) is **DENIED** with certain clarifications.

## BACKGROUND

The factual and procedural background of this case was adequately

summarized in the underlying Order Defendant is moving to have reconsidered. (*See* Doc. 68, at 1-2.) The Court also incorporates by reference the rulings it made in that Order regarding the various issues relating to the 16 topics enumerated in Plaintiff's "Notice of Videotaped Deposition(s)." (Doc. 43.)

## DISCUSSION

D. Kan. Rule 7.3(b) governs motions to reconsider. It states, in relevant part, that "[a] motion to reconsider shall be based on (1) an intervening change in controlling law, (2) the availability of new evidence, or (3) the need to correct clear error or prevent manifest injustice." In ***Comeau v. Rupp***, this District held that

> [r]evisiting the issues already addressed is not the purpose of a motion to reconsider, and advancing new arguments or supporting facts which were otherwise available for presentation when the original summary judgment motion was briefed is likewise inappropriate.

810 F.Supp. 1172 (D.Kan. 1992) (internal citations and quotes omitted). Stated another way, "[a] party's failure to present its strongest case in the first instance does not entitle it to a second chance in the form of a motion to reconsider." ***Eastman v. Coffeyville Resources Refining & Marketing, LLC***, No. 10-1216, 2011 WL 972487, at *1 (D. Kan. March 16, 2011) (quoting ***Cline v. S. Star Cent. Gas Pipeline***, 370 F.Supp.2d 1130, 1132 (D.Kan.2005)).

**A.     No Responsive Documents (Categories 3, 7, 13, 14, and 16).**[1]

Defendant's main argument appears to be that the Court failed to "acknowledge[d], discuss[ed], or distinguish[ed]" certain – if not all – pieces of authority cited in Defendant's voluminous brief in opposition to Plaintiff's initial motion to compel.  (Doc. 72, at 3.)  The Court assures Defendant that while it carefully reviewed the authority cited in Defendant's brief, the Court made the logistical, analytical, and thoroughly appropriate decision not to "acknowledge, discuss, or distinguish" each of Defendant's authorities in the Court's 23 page Memorandum & Order that cited a dozen individual cases.

Defendant is particularly critical of the Court's failure to address the decision of *U.S. ex rel. Smith v. Boeing Co*., No. 05-1073, 2009 WL 2777278 (D. Kan. Aug. 27, 2009).  Suffice it to say, there is nothing in that opinion that would alter the Court's opinion in the present matter.  In the present matter, as opposed to *Smith*, the Court is not satisfied that the party opposing discovery has established that the information can be obtained from some source that "is more convenient, less burdensome, or less expensive."  *Id*., at *6 (emphasis in original).  Further, Defendant again skirts the issue of the significant amount of time it has

---

[1] Although Defendant lists Category 3, only subcategories (c), (e), and (f) were at issue, and addressed, in the Court's underlying Order.  (Doc. 68, at 9-13.)  Of these, only subcategories (c) and (e) included Defendant's response that there were no responsive documents.

expended challenging Plaintiff's deposition notice – which is clearly relevant to a discussion of the convenience and expense of responding to the underlying discovery.

In *Smith*, Judge Humphreys stated that she would "not require a witness to appear at a deposition ***merely to confirm a position*** that Relators do not dispute or challenge." 2009 WL 2777278, at *6 (emphasis added). In the present situation, there is no reason why witness(es) would have to appear for this "mere" purpose. The witness(es) will be testifying about a broad range of topics and there is no reason the same designee cannot testify as to multiple topics. The Court anticipates it will take a matter of minutes for Defendant to educate – and Plaintiff to subsequently question – an otherwise designated witness as to the non-existence of information responsive to a particular category in the Rule 30(b)(6) notice.

In addition, the Court itself is concerned that Defendant has failed to "acknowledge, discuss, or distinguish" this Court's analysis of this District's ruling in ***Tri-State Hosp. Supply Corp. v. U.S.***, which holds that

> [b]y its very nature, the discovery process entails asking witnesses questions about matters that have been the subject of other discovery. There are, of course, only a finite number of pertinent events in any lawsuit, and how they occurred is a topic that may be pursued by all forms of discovery, even though the information provided by

> one form of discovery repeats and duplicates information yielded by another. Thus, **the fact that information has been provided to plaintiff concerning a particular category does not, in itself, make that category an impermissible subject of a 30(b)(6) deposition**.

226 F.R.D. 118, 126 (D.D.C. 2005) (emphasis added).

The Court is comfortable with its understanding of the existing authority on this issue. In response to Defendant's motion, Plaintiff argues "'[t]he law cited by Defendant . . . stands for nothing more than the proposition that a court **may** limit discovery if it sees fit." (Doc. 75, at 2 (emphasis in original).) The Court agrees. Analyzing Plaintiffs Rule 30(b)(6) notice in the context of the present case – in which multiple Orders have been entered on motions to compel with another such motion currently pending – the Court **DENIES** this portion of Defendant's Motion to Reconsider.

**B.     Remaining Deposition Categories**.

**1.     Category No. 2**.

The Court stands by its prior ruling that the category does not fall outside the "reasonable particularity" standard because of Plaintiff's inclusion of the modifiers of a working hand-rail and brake stick, which provide adequate specificity. The Court clarifies, however, that questioning of the designated witness shall be limited to safe workplace issues that relate to these mechanisms.

The Court acknowledges that Defendant has no objection to doing so. (Doc. 72, at 6.)

### 2. Subcategory No. 3(f).

As noted above, Defendant's objection to subcategory 3(f) did not include the argument that no responsive documents exist.[2] In responding to Plaintiff's underlying motion to compel, Defendant contended that the requested information "has no bearing on the incident in question" because the "train never made it out of the yard." (Doc. 49, at 15-16.) Defendant did not argue that the information is nonexistent or is unavailable. As stated in the underlying Order, given the liberal rules of discovery, the Court cannot say that the information "can have no possible bearing on the subject matter of the action." *Snowden*, 137 F.R.D. at 341. Further, the Court's previous ruling on this subcategory is not addressed anywhere in Defendant's brief. As such, Defendant has not shown that the Court has misapprehended the facts of this case or controlling case law and this portion of Defendant's motion is **DENIED**.

### 3. Category No. 7.

In it's brief in opposition to Plaintiff's underlying motion to compel,

---

[2] Even if it had, the Court has addressed, and overruled, this objection above under the circumstances of this case.

Defendant argued against providing a deponent on the issue of employees sustaining similar injuries (since March 2005) as "vague, undefined, and wholly inadequate to apprise UP about the specific subjects of the particular incidents." (Doc. 49, at 18.) In the underlying Order, the Court disagreed with Defendant's arguments, finding that Defendant failed to make a specific, particularized showing as to how the requested discovery is objectionable. *See* ***Cohen-Esrey Real Estate Servs. v. Twin City Fire Ins. Co***., No 08-2527, 2009 WL 4571845, at *1 (D.Kan. Dec. 3, 2009).

    The Court was particularly troubled with Defendant's objections because it had previously compelled Defendant to respond to a similarly worded written discovery request. (*See* Doc. 38, at 5-10.) Rather than providing a corporate designee to answer Plaintiff's questions on this issue, Defendant stated that because it had provided the names and addresses of other injured employees, "plaintiff is free to depose those persons if he wants to find out more about the incidents." (Doc. 48-1, at 7.) Thus, Defendant's proposed solution was to force Plaintiff to complete multiple depositions rather than identify a single corporate designee to discuss the topic. Deposing each of the injured employees obviously would be much more "cumulative" – not to mention more costly – than the initial

7

deposition of Defendant's corporate designee.[3]

In its motion to reconsider, Defendant now focuses on the category being irrelevant and cumulative. (Doc. 72, at 7.) In the Court's experience, litigants frequently ask deponents to explain documents produced during discovery. The case law on this issue – which the Court did not misapprehend – supports this finding. *See* **Tri-State Hosp. Supply Corp. v. U.S.**, 226 F.R.D. at 126 (holding that "[b]y its very nature, the discovery process entails asking witnesses questions about matters that have been the subject of other discovery"). The Court is not persuaded by Defendant's argument that the discovery sought is cumulative as a reason to deny Plaintiff's underlying motion to compel the Rule 30(b)(6) deposition on this topic. Obviously, not all documents produced during discovery are self-explanatory. The Plaintiff should be allowed the opportunity to question a representative of Defendant regarding their contents.

As for the relevance objection, Defendant reiterates its argument that "none of the incidents [of other employee injury] was even remotely similar to Plaintiff's in terms of the body part affected, the biomechanical mechanism of entry, or the

---

[3] The Court acknowledges that Plaintiff could choose to depose some, or all, of the injured individuals after the deposition of Defendant's corporate designee. On the other hand, assuming Defendant provides a knowledgeable and cooperative witness, it is quite possible that the Rule 30(b)(6) deposition will satisfy Plaintiff's discovery needs, making additional depositions on the topic unnecessary.

part of the railcar at issue in this case." (Doc. 72, at 8.) Even assuming Defendant correctly summarizes the other injury incidents, the Court does not agree that the topic is thoroughly irrelevant.

"'Discovery relevance is minimal relevance,' which means it is possible and reasonably calculated that the request will lead to the discovery of admissible evidence." *Teichgraeber v. Memorial Union Corp. of Emporia State University*, 932 F.Supp. 1263, 1265 (D. Kan. 1996) (internal citation omitted). "Relevance is broadly construed at the discovery stage of the litigation and a request for discovery should be considered relevant if there is any possibility the information sought may be relevant to the subject matter of the action." *Smith v. MCI Telecommunications Corp.*, 137 F.R.D. 25, 27 (D.Kan.1991). Stated another way, "discovery should ordinarily be allowed unless it is clear that the information sought can have no possible bearing on the subject matter of the action." *Snowden By and Through Victor v. Connaught Lab.*, 137 F.R.D. 325, 341 (D.Kan.1991), appeal denied, 1991 WL 60514 (D.Kan. Mar. 29, 1991). Based on the information provided, the Court cannot agree that, on its face, it could "have no possible bearing on the subject matter" of the case. *Id*. This portion of Defendant's motion to reconsider is, therefore, **DENIED**.

**4. Category 13**.

Defendant offered to provide "a complete wage history" for Plaintiff, but initially objected to "a deposition that requires [it] to regurgitate the substance of those documents . . . ." (Doc. 49, at 28.) According to Defendant, "[a]fter Plaintiff filed of [sic] his Motion to Compel," Plaintiff deposed Defendant's senior payroll services manager about these issues. (Doc. 72, at 8.) Defendant contends "no further deposition on this topic is warranted . . . ." (*Id*., at 9.) Plaintiff's response memorandum does not address this issue. Therefore, Defendant's contention is uncontested and a Rule 30(b)(6) deposition on these issues is now unnecessary.

### 5. **Category 14**.

Plaintiff next seeks a deponent regarding "[a]ll records kept by defendant regarding [Plaintiff] including all personnel and personal files and the medical director's files." (Doc. 43, at 3.) Defendant now argues that the category, as worded in the Rule 30(b)(6) deposition notice, "provides no guidance as the nature of the questions UP will be expected to answer regarding records concerning Plaintiff that have been produced during the litigation." (Doc. 72, at 5.) Defendant previously stated that it has "previously provided [Plaintiff's] personal file and medical director's file . . . ." (Doc. 48-1, at 11.) The Court surmises that the person(s) who compiles and maintains such records as part of

10

his/her employment with Defendant should be adequately equipped to answer questions about their contents at deposition. Defendant's motion is **DENIED** in regard to this category.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Reconsider is **DENIED** with the clarifications noted above.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas, on this 11th day of April, 2011.

                                          S/KENNETH G. GALE
                                          KENNETH G. GALE
                                          United States Magistrate Judge