# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JACOB WHITE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 09-1407-EFM-KGG |
| | ) |
| UNION PACIFIC RAILROAD COMPANY, | ) |
| | ) |
| Defendant, | ) |

## MEMORANDUM AND ORDER

Plaintiff has filed his Third Motion to Compel Discovery (Doc. 66), requesting an order compelling Defendant to permit the inspection of certain rail cars on its property pursuant to Fed. R. Civ. Proc. 34. Although Defendant initially interposed several objections to this request, all of those issues apparently have been resolved by the parties except for Defendant's request that, as a condition to the inspection, Plaintiff's inspecting personnel each execute a waiver of liability in favor of Defendant and the owner of any rail car inspected, or provide a surety indemnifying Defendant against liability. In addition to being the basis for Defendant's opposition to Plaintiff's motion, it is also the subject of Defendant's Motion for Protective Order (Doc. 79). Defendant has provided

copies of orders from other courts imposing such a requirement. (*See* Docs. 80-2, 80-3, 80-4, 80-5, 80-6, 80-7.)

The Court has the discretion to enter a protective order imposing conditions for the requested inspection. However, the Court considers it neither necessary or wise to require Plaintiff to, as a condition to conducting a proper inspection, waive any and all legal duties which Defendant might otherwise have in hosting the inspection. While Defendant has not provided the Court a proposed release, it would presumably allow Defendant to negligently cause injury the visitors on site without legal ramifications. It is impossible to imagine that such a waiver would enhance the safety of the inspection.

Certainly, a railroad yard is an industrial setting and, as such, contains hazards requiring care. Plaintiff is responsible for ensuring that persons participating have the necessary training, skill and/or preparation to safely perform the inspections. Furthermore, Plaintiff's inspectors should be prepared to obey reasonable and necessary safety rules imposed by Defendant, and should advise Defendant in advance of the nature of inspection intended so both side can work together minimize the risk of the inspection.

**IT IS THEREFORE ORDERED** that Plaintiff's motion to compel (Doc. 66) is **GRANTED**. Consequently, Defendant's Motion for Protective Order (Doc.

79) is **DENIED**.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas, on this 14th day of April, 2011.

                                              S/ KENNETH G. GALE
                                              KENNETH G. GALE
                                              United States Magistrate Judge