IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JACOB WHITE, )<br>)<br>Plaintiff, )<br>) Case No. 09-1407-EFM-KGG<br>v. )<br>)<br>UNION PACIFIC RAILROAD )<br>COMPANY, )<br>)<br>Defendant. )<br>) | |

**ORDER GRANTING DEFENDANT'S MOTION
TO STRIKE EXPERT DESIGNATIONS**

Before the Court is Defendant's Motion to Strike Expert Designations or Alternately to Compel Additional Expert Disclosures.  (Doc. 84.)  The Court will grant the motion to strike.  The designations were submitted beyond the deadlines set by this Court, Plaintiff has not requested an extension of that deadline or established good cause for any such extension, and has not established excusable neglect for submitting the designations beyond the deadline.

**FACTS**

This is an action under the Federal Employers' Liability Act, 45 U.S.C. § 50, *et seq.*, for personal injury to Plaintiff.  The case was filed in December, 2009.  On August 16, 2010, this Court entered a Second Revised Scheduling Order requiring Plaintiff to make his expert designations under Rule 26(a)(2) no later than

November 1, 2010. (Doc. 35.) The deadline passed without expert designations. On February 15, 2011, the parties jointly moved for a continuance of the unexpired deadlines. (Doc. 64.) Following a status conference, the Court entered its Third Revised Scheduling Order on March 29, 2011. (Doc. 77.) That Order included the following paragraph:

> The deadline to exchange disclosures required by Fed. R. Civ. P. 26(a)(2), including reports from retained experts, has passed. The parties will discuss re-setting these deadlines based on the current status of discovery. If agreed, counsel will provide new dates to the Court for inclusion in an order by **April 20, 2011**. In the absence of an agreement, any party may file a motion to reset these deadlines, such motion to be filed on or before **April 20, 2011**.

(Doc. 77). The parties never requested a re-setting of that deadline.

On September 30, 2011, Plaintiff served on Defendant "Supplemental Rule 26 Disclosures." (Doc. 85-1.) In those disclosures, Plaintiff identified certain of his treating physicians, previously identified as fact witnesses, who would be called to present expert opinion testimony under Fed.R.Evid. 702, 703 and 705. Defendant requests these supplemental designations be stricken as untimely.

Plaintiff has identified the treating physicians in question in other submissions in this case as witnesses. Additionally, Defendant was in possession of medical records from the treating physicians before Plaintiff issued is supplemental disclosures.

Plaintiff urges the Court not to strike his treating physicians as witnesses. Plaintiff highlights that the treating physicians have been "repeatedly and adequately disclosed" as relevant witnesses who, " by virtue of their profession will have opinion testimony to offer." Plaintiff argues that the motion should be denied because the Defendant has not demonstrated prejudice.

## ANALYSIS

A treating physician who is expected to provide opinion testimony must be identified as an expert in a disclosure compliant with Fed.R.Civ.P. 26(a)(2). *Parker v. Central Kansas Medical Center*, 178 F.Supp.2d 1205 (D. Kan. 2001). This Court set a deadline for such disclosures, which expired before the supplemental designation at issue.

The deadlines contained in a Scheduling Order are intended to facilitate the just and orderly litigation of a case, and are not to be simply ignored. Plaintiff made no effort to extend the deadline. Such an extension could have been granted for good cause. *Id.*, at 1209. Filing the designations out of time could be permitted for excusable neglect. *Sowell v. United Container Machine, Inc.*, No. 02-2004-JLW, 2002 WL 21466439 (D. Kan. Nov. 1, 2002). Plaintiff made no request to extend the deadline, and offers no argument that its late submission was caused by excusable neglect. The submission is simply out of time and should be stricken.

Plaintiff, in his response to this motion, urges the Court not to strike the

testimony of his treating physicians, and the Court has not done so.  Defendant moved that the tardy submission be stricken, not the witnesses.

Treating physicians may testify under Fed.R.Evid. 701 concerning matters within the scope of treatment without compliance with Rule 26(a)(2).  Indeed, a treating physician may provide opinion testimony within the scope of treatment without compliance with Fed. R. Civ. Proc. 26(a)(2)(B).  ***Wreath v. United States***, 161 F.R.D. 448 (D. Kan. 1995); ***Sellers v. Butler***, No. 02-3055-DJW, 2006 WL 2714274 (D. Kan. Sept. 22, 2006); ***Spraggins v. Sumner Regional Medical Center***, No. 10-2276-WEB-KGG, 2010 WL 4568715 (D. Kan. Nov. 3, 2010).  Of course, even a non-retained "expert" must be "identified" under Fed. R. Civ. Proc. 26(a)(2)(A).

Whether the previous identifications of these treating physicians were adequate to permit opinion testimony is not before the Court.  Whether the witnesses will be permitted to testify at trial, and what testimony may be allowed based on the identifications of, and disclosures concerning, those witnesses which were provided prior to September 30, 2011, are not issues presented in this motion.

Defendant's motion to strike Plaintiff's September 30, 2011, "Supplemental Rule 26 Disclosures" is **GRANTED**.  The alternate relief request is, therefore, moot.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas, on this 3rd day of February, 2012.

                                           S/ KENNETH G. GALE
                                           Kenneth G. Gale
                                           United States Magistrate Judge