## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

JACOB WHITE,                              )
                                          )
                        Plaintiff,        )
                                          )
v.                                        )          Case No. 09-1407-EFM-KGG
                                          )
UNION PACIFIC RAILROAD                    )
COMPANY,                                  )
                                          )
                        Defendant,        )
_____          )

## MEMORANDUM AND ORDER

This Court previously entered an Order (Doc. 82) granting Plaintiff's Third

Motion to Compel Discovery (Doc. 66), requesting an order compelling Defendant

to permit the inspection of certain rail cars on its property, and concurrently

denying Defendant's Motion for Protective Order regarding the same issue (Doc.

79). Plaintiff now brings a Motion for Sanctions, arguing that Defendant has

violated the Court's previous Order by "refus[ing] to permit Plaintiff's

representatives to perform a complete inspection of the railcar." (Doc. 105, at 1.)

For the reasons set forth below, Plaintiff's Motion (Doc. 105), is **DENIED**.

Plaintiff specifically contends that during the inspection at issue, Defendant

"prevented Plaintiff's representatives from . . . mounting the car to inspect,

measure and photograph the location where Plaintiff actually stood a the time of his injury . . . ." (*Id.*, at 2.) Plaintiff argues that this "eliminated the utility of Plaintiff's inspection and denied Plaintiff his Court-ordered discovery." (*Id.*)

Defendant responds that the Court's prior Order adjudicated only the issue of "whether plaintiff and his representatives would be required to execute a release of liability before being permitted to enter onto Union Pacific's property." (Doc. 106, at 3.) Defendant continues that the Order "was silent with regard to the scope of any proposed inspection." (*Id.*) Defendant is, for the most part, correct.

The Order at issue focused on Defendant's request to have Plaintiff and/or his representatives sign a waiver of "any and all legal duties which Defendant might otherwise have in hosting the inspection." (*See* Doc. 82, Order, at 2.) The Court refused to do so, stating that "[i]t is impossible to imagine that such a waiver would enhance the safety of the inspection." (*Id.*)

The Court did, however, anticipate the issue now presented and specifically instructed Plaintiff to "advise Defendant in advance of the nature of inspection intended so both side[s] can work together [to] minimize the risk of the inspection." (*Id.*) Defendant contends – and by failing to file a reply, Plaintiff does not controvert – that Plaintiff "did not request the opportunity to mount and dismount the tank car until the inspection was underway." (Doc. 106, at 6.) As such, the parties did not have the opportunity to "work together" to resolve this

issue prior to the inspection, as instructed by the Court.  Defendant's refusal is not

in violation of the Court's prior Order and Plaintiff's motion is, therefore,

**DENIED**.

To the extent Plaintiff's motion can be construed as an additional motion to

compel, Defendant is correct that any such motion was required to have been filed

within 30 days of the inspection – and Defendant's refusal – at issue.  It is

uncontroverted that Plaintiff did not file the present motion until six weeks after

the inspection.  (*See* Doc. 106, at 8.)  As such, Plaintiff's objection to Defendant's

refusal is waived as untimely pursuant to D. Kan. Rule 37.1(b).


**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Sanctions

(Doc. 105) is **DENIED**.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas, on this 2nd day of July, 2012.

S/ KENNETH G. GALE
KENNETH G. GALE
United States Magistrate Judge