# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

JACOB WHITE, )
)
    Plaintiff, )
) Case No. 09-1407-EFM-KGG
v. )
)
UNION PACIFIC RAILROAD )
COMPANY, )
)
    Defendant. )
)

## ORDER ON PLAINTIFF'S MOTIONS TO AMEND
## AND FOR LEAVE TO DESIGNATE EXPERT

Before the Court are Plaintiff's Motion for Leave to File First Amended Complaint (Doc. 113) and Motion for Leave to Designate Liability Expert (Doc. 114). Having reviewed the submissions of the parties, in addition to the procedural history of this matter, the Court **DENIES** both motions.

## FACTS

This is an action under the Federal Employers' Liability Act, 45 U.S.C. § 50, *et seq.*, for personal injury to Plaintiff. The case was filed in December, 2009. On August 16, 2010, this Court entered a Second Revised Scheduling Order requiring Plaintiff to make his expert designations under Rule 26(a)(2) no later than November 1, 2010. (Doc. 35.) The deadline passed without expert designations.

On February 15, 2011, the parties jointly moved for a continuance of the unexpired deadlines. (Doc. 64.) Following a status conference, the Court entered its Third Revised Scheduling Order on March 29, 2011. (Doc. 77.) That Order included the following paragraph:

> The deadline to exchange disclosures required by Fed. R. Civ. P. 26(a)(2), including reports from retained experts, has passed. The parties will discuss re-setting these deadlines based on the current status of discovery. If agreed, counsel will provide new dates to the Court for inclusion in an order by **April 20, 2011**. In the absence of an agreement, any party may file a motion to reset these deadlines, such motion to be filed on or before **April 20, 2011**.

(Doc. 77, at 3, emphasis in original). The parties never requested a re-setting of that deadline.

On September 30, 2011, Plaintiff served on Defendant "Supplemental Rule 26 Disclosures." (Doc. 85-1.) In those disclosures, Plaintiff identified certain of his treating physicians, previously identified as fact witnesses, who would be called to present expert opinion testimony under Fed.R.Evid. 702, 703 and 705. Defendant moved the Court for, and was granted, an Order striking these designations as untimely. (Doc. 98.) The Court found that Plaintiff had failed to establish good cause for what would have required an amendment to the Scheduling Order. (*Id.*, at 3-4.)

The parties filed their Joint Motion for Extension of Third Revised

Scheduling Order Deadlines on February 12, 2012, because Plaintiff required additional surgery, which was scheduled for July, 2012. (Doc. 101.) The parties requested additional time "to conduct further discovery regarding damages" because of "Plaintiff's most recent and significant medical developments . . . ." (*Id*., at 2.) The parties contended that they were in agreement "that **an extension of all damage related deadlines** and of the discovery cut-off deadline will permit adequate time for Plaintiff's treatment and pre-trial discovery related thereto . . . ." (*Id*., at 2-3, emphasis added.)

This Court granted that motion on February 24, 2012, and suspended "the deadline to complete discovery, to complete Rule 35 examinations, and to file dispositive motions." (Doc. 104, at 1.) A status conference was scheduled for August 14, 2012, to reset the deadlines "and to **discuss deadlines for the production of additional expert reports concerning medical issues**." (*Id*., emphasis added.) The conference was held as scheduled, but the Court set a follow-up conference for October 23, 2012. (Doc. 108, text entry.)

That additional conference resulted in the Revised Scheduling Order entered on October 20, 2012. (Doc. 112.) That Scheduling Order provided a March 31, 2013, deadline for Plaintiff to make expert disclosures "on the issue of damages . . . ." (*Id*., at 1.) Plaintiff was given a deadline of November 2, 2012, by which to file a motion to extend the deadline to serve liability expert disclosures. (*Id*., at 2.)

The present motions were filed by this deadline. The Revised Scheduling Order did not include a revised date by which to move to amend the pleadings. (*See generally*, *id*.)

Plaintiff now moves the Court for an Order allowing him to amend his Complaint "to make more specific the allegations of Defendant's liability under the FELA, which incorporates regulations for safety appliances on railcars." (Doc. 113-1, at 2.) Plaintiff admits that his original Complaint contains allegations that "Defendant negligently failed to provide Plaintiff with adequate equipment to perform his job, a reasonably safe place to work, and reasonably safe conditions for work." (Doc. 113-1, at 3; Doc. 1, at ¶ 6.) Plaintiff also moves for leave to designate a liability expert. (Doc. 115.) Plaintiff contends the requests are necessary because of the "change in circumstances regarding the permanence of Plaintiff's injuries" discovered after his most recent surgery as well as the results of an inspection of the railcar at issue on January 31, 2012, "which evidenced potential violations of the safety standards." (*Id*., at 4.)

## ANALYSIS

The deadlines contained in a Scheduling Order are intended to facilitate the just and orderly litigation of a case, and are not to be simply ignored. ***White v. Union Pacific R. Co.***, No. 09-1407, EFM-KGG, 2012 WL 380245, at *2 (D. Kan. February 6, 2012). Requests to extend deadlines may, however, be granted upon a

showing of good cause. See **Denmon v. Runyon**, 151 F.R.D. 404, 407 (D.Kan.1993) (stating that a motion to amend filed after the deadline established in the scheduling order must meet the standard of "good cause" under Fed.R.Civ.P. 16(b)).

> When the deadline for amending pleadings set in the scheduling order has passed, as is the case here, Federal Rule of Civil Procedure 16(b)(4) is implicated. Rule 16(b)(4) provides that a scheduling order 'may be modified only for good cause and with the judge's consent.'
> . . .
> . . . Judges in this District have consistently applied a two-step analysis based on both Rule 16(b) and Rule 15(a) when deciding a motion to amend a complaint filed past the scheduling order deadline. Thus, when a motion to amend is filed beyond the scheduling order deadline, this Court will first determine whether the moving party has established 'good cause' within the meaning of Rule 16(b)(4) so as to justify allowing the untimely motion. Only after determining that good cause has been established will the Court proceed to determine if the more liberal Rule 15(a) standard for amendment has been satisfied.
> To establish good cause under Rule 16(b)(4), 'the moving party must show that the amendment deadline could not have been met even if it had acted with due diligence.' 'Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief.' Furthermore, the lack of prejudice to the nonmovant does not show 'good cause.' A district court's determination as to whether a party has established good cause sufficient to modify a scheduling order amendment deadline is within the court's discretion, and will be reviewed only for an abuse of discretion.

> Likewise, the ultimate decision whether to allow a proposed amendment addresses the sound discretion of the court. In exercising its discretion, the court must keep in mind that the Federal Rules of Civil Procedure are designed to facilitate decisions on the merits rather than on pleading technicalities. Indeed, the Tenth Circuit has recognized that Rule 15 is intended 'to provide litigants 'the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties.''

*Martin K. Eby Constr. Co. Inc. v. OneBeacon Ins. Co.*, 2011 WL 5837234 (D. Kan. Nov. 21, 2011) (citing *Carefusion 213, LLC v. Professional Disposables, Inc.*, No. 09–2616–KHV–DJW, 2010 WL 4004874, at *3–4 (D.Kan. Oct. 12, 2010)).

As stated above, Plaintiff contends the requests are necessary because of the "change in circumstances regarding the permanence of Plaintiff's injuries" discovered after his most recent surgery as well as the results of an inspection of the railcar at issue on January 31, 2012, "which evidenced potential violations of the safety standards." (*Id.*, at 4.)

The Court is not persuaded that either of these reasons provide the requisite "good cause" to amend the Scheduling Order. While the Court does not doubt that Plaintiff continues to learn more about the nature, severity, and permanence of his injuries, such information is not relevant to the issue of liability in this case. Thus, Plaintiff's most recently learned information regarding his injuries does not provide good cause to amend the Scheduling Order and/or to designate a liability

expert. Plaintiff has failed to demonstrate "some reasonable basis for noncompliance within the time specified." *Putnam v. Morris*, 833 F.2d 903, 905 (10th Cir. 1987).

On the other hand, the inspection of the railcar discussed by Plaintiff does relate directly to the issue of liability. Even so, the inspection occurred a full <u>nine months</u> before Plaintiff requested amendments to his Complaint and/or sought to add a liability expert. Plaintiff has offered no valid reason or excuse for failing to bring the present motions to the Court in a more timely fashion.[1]

Finally, Plaintiff himself admits that "the acts of negligence alleged in [his] original Complaint are broad enough to encompass Defendant's violations of the statutes and regulations . . . ." (Doc. 113-1, at 5; Doc. 115, at 4.) Thus, in the Court's purview, the requested amendment to the Complaint is unnecessary.

For the reasons set forth above, Plaintiff's Motion for Leave to File First Amended Complaint (Doc. 113) and Motion for Leave to Designate Liability Expert (Doc. 114) are hereby **DENIED**.

---

[1] The denial of the present motion will not prevent Plaintiff from prosecuting those allegations at trial or including them as contentions in the Pretrial Order, if the claims are reasonably within those contained in the Complaint.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas, on this 5th day of February, 2013.

                                       S/ KENNETH G. GALE
                                       Kenneth G. Gale
                                       United States Magistrate Judge