# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

JACOB WHITE,

    *Plaintiff,*

vs.

UNION PACIFIC RAILROAD
COMPANY,

    *Defendant.*

Case No. 09-1407

## MEMORANDUM AND ORDER

Defendant Union Pacific Railroad Company ("UP") seeks review of the Magistrate Judge's decision overruling its objections to the Pretrial Order. Plaintiff White filed this complaint under the Federal Employer's Liability Act ("FELA"), claiming to have sustained injuries while he was working for the railroad. The procedural background is more complicated than is necessary to repeat here, but as relevant this dispute began when the Magistrate Judge denied White's untimely (very untimely) motion to amend the pleadings to state "more specific" allegations of liability under FELA.[1] The Court ruled that White had not shown the requisite good cause to amend, but noted in a footnote that this denial would not prevent White from

---

[1] Doc. 113-1, at 2.

prosecuting the requested allegations at trial or including them as contentions in the Pretrial Order, so long as those claims were reasonably contained with the claims in the Complaint.

The Pretrial Order was issued approximately 5 months later. Over Defendant's objections, the Pretrial Order included in the factual contentions section, Plaintiff's contentions that Defendant violated 49 C.F.R. § § 231.21(b)-(f) and 49 C.F.R. § 215, Appendix D. These contentions were expressly limited to violations which were a "part of the failures listed above;" those failures being the contentions in the original complaint. Defendant UP seeks review of the Magistrate Judge's order overruling its objections to the inclusion of these claims in the Pretrial Order.

Fed. R. Civ. P. 72(a) allows a party to file objections to a pretrial order of a matter referred to a magistrate judge within 14 days of being served with the order, and requires the district judge to modify and set aside any part of the order that is clearly erroneous or is contrary to law. A pretrial order may be modified to prevent manifest injustice.[2] The party moving to modify the order bears the burden of proving the manifest injustice that would occur absent modification.[3] The decision should be reversed if the magistrate judge abused his discretion in reaching the decision.[4]

UP argues that the Magistrate Judge had already found, correctly, that White had failed to show good cause to amend the scheduling order to allow these claims, and had denied his motion for the same. Further, UP argues that White has provided no factual assertions supporting his claims of violations of these regulations. Moreover, UP argues that these claims are beyond the

---

[2] *Davey v. Lockheed Martin Corp.*, 301 F.3d 1204, 1208 (10th Cir. 2002).

[3] *Id.*, citing *Koch v. Koch Indus., Inc.*, 203 F.3d 1202, 1222 (10th Cir. 2000).

[4] *Waddell & Reed Financial, Inc. v. Torchmark Corp.*, 222 F.R.D. 450, 453 (D. Kan. 2004).

scope of the previously stated claims in the pleadings, and White's motion to amend those pleadings to incorporate these claims was properly denied. Therefore, UP argues, the inclusion of these claims in the Pretrial Order is contradictory to the earlier denial of White's motion to amend.

White argues that the Magistrate Judge denied the motion to amend because it was unnecessary; the claims were already encompassed with in the Complaint. He also argues that UP's motion to review is untimely, as it was not filed within 14 days of the Magistrate Judge's decision denying the Motion to Amend the Complaint, which decision expressly noted in footnote 1 that, the denial notwithstanding, White would not be prevented from including these allegations as contentions in the Pretrial Order, so long as those claims were reasonably contained with the claims in the Complaint.

The Court does not find UP's motion to be untimely. The motion seeks review of the Pretrial Order, and was filed with fourteen days of the date that Order was entered. UP obviously viewed the impact of footnote one of the earlier Order denying the Motion to Amend differently that White did, and the Court cannot conclude that UP was so unmistakably on notice from the verbiage of that footnote that these allegations would be included in the Pretrial Order that it should have objected then. However, the Court also cannot read the Order as saying that the Motion to Amend was denied because it was unnecessary; that the allegations were already contained within the Complaint. The plain language of the Order, and of the Pretrial Order, clearly states that the allegations of violations of the regulatory provisions are allowed only to the extent that they were encompassed within the original Complaint. And, because the Court interprets the Pretrial Order in that fashion, it cannot find that the inclusion of these allegations in the Pretrial Order was clearly erroneous or contrary to law, or that it would be manifest injustice

to allow them to remain as stated.  The arguments UP makes to the contrary are matters more appropriately addressed in its motion for summary judgment, which is pending before this Court, or at trial.

**IT IS THEREFORED ORDERED** that Defendant's Motion to Review Magistrate's Order (Doc. 129) is **DENIED**.

**IT IS SO ORDERED**.

Dated this 19th day of December, 2013.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE